FAULKNER, Justice.
Wynn appeals from an order of the Circuit Court of Marengo County denying his motion to set aside a default judgment for sale and division. We affirm.
On March 23, 1976, a Bill for Sale and Division was filed along with an affidavit for obtaining service on unknown defendants by publication. The clerk issued an order of publication of the following defendants: Heirs of Julia Simmons, deceased; Heirs of Mary Simmons, deceased; and Heirs of Carrie Simmons, deceased. Additional defendants were later added by amendment and personally served, but Wynn was served only by publication. On October 26 application for entry of default was made, and a guardian ad litem was appointed to represent the interests of the unknown defendants. After two hearings, a decree ordering sale and division was entered. The sale was advertised for four weeks, and the property was sold in two parcels on March 25, 1977. The sale was approved on April 11 and a final decree and order of distribution entered on June 3.
On July 25, Wynn filed a motion to vacate the judgment on the ground of fraud or mistake of the appellees. His contentions are two-fold: (1) that the affidavit for obtaining service on unknown defendants is inadequate because of failure to allege a diligent inquiry, and (2) that appellees were not diligent in ascertaining the names of additional heirs because they could have learned Wynn’s name and address from an heir who resided on the property.
*974 At the hearing on the ARCP 60(b) motion, the original affidavit for publication was missing from the file. Wynn contends that the original affidavit contained no allegation of diligent inquiry. However, the record on appeal contains a document purporting to be a facsimile of the original affidavit. This facsimile does include an allegation of diligent inquiry.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.