366 So.2d 258 (1978)
T. WHITFIELD, alias Eddie Lee Whitfield
v.
Gladys SANDERS et al.
77-395.
Supreme Court of Alabama.
December 1, 1978.
As Corrected On Denial of Rehearing January 19, 1979.
Charles A. J. Beavers, Jr., William L. Thuston, Birmingham, for appellant.
James A. Turner, of Turner, Turner & Turner, Tuscaloosa, for appellees.
FAULKNER, Justice.
This is an appeal from a denial of a motion to set aside a decree authorizing the sale of land. We reverse.
The parties are all heirs at law of Mose Lewis, deceased, who had owned an 80 acre parcel of land in Tuscaloosa County. Thirty-nine parties apparently had an interest in this land at the time of its sale. On April 24, 1975, a Bill of Complaint for the Sale for Division of Lands was filed by Gladys Sanders, Steve Newman, et al., alleging that the real property could not be equitably divided in kind among the numerous heirs at law and requesting that the property be sold at auction. The complaint named the appellant by his nickname, T. Whitfield, as a defendant, alleging that his residence was unknown and not ascertainable after diligent inquiry. Whitfield and other unknown defendants were subsequently served by publication in Tuscaloosa County. On July 17, a default judgment was entered against Whitfield, et al., and the property *259 was sold on October 14, 1975, for $18,000. A check for Whitfield's share of the proceeds (the largest portion of any of the heirs) was left for him at the Tuscaloosa County courthouse. Whitfield picked up the check on an unspecified date but has never cashed it.
On September 28, 1976, Whitfield filed a Motion to Set Aside Decree Authorizing Sale of Land. As a basis for relief he asserted that Steve Newman and one other plaintiff were friends of his who knew his address in California and were in regular contact with him over family matters. Specifically, Whitfield claimed that letters had been forwarded to him at his correct address by Steve Newman's wife, Alberta, and that Whitfield had phoned the Newmans and had received a call from Steve. In addition, Steve Newman and another plaintiff knew Whitfield's mother, Minnie Cook, who had his address, and Newman saw her at least once or twice a week. Nevertheless, they did not contact her in an attempt to determine Whitfield's whereabouts so he could be notified of the suit. Whitfield's motion concluded by alleging that the court was without jurisdiction to render a default judgment against him, a fraud had been perpetrated upon the court because the plaintiffs did not diligently seek Whitfield's address as stated in their affidavit, and the judgment violated Whitfield's right to due process of law under the 14th Amendment.
A hearing was held on Whitfield's motion where evidence was taken ore tenus. The trial court denied the motion without detailing its findings of fact. The principal witnesses were Whitfield's mother, Minnie Cook, and Steve, and Alberta Newman. After a thorough review of the record, we hold that the evidence is insufficient to show that any effort, diligent or otherwise, was made to ascertain Whitfield's address. The testimony was not in any way contradicted. Newman's wife, Alberta, had Whitfield's correct home address in California, Whitfield's mother, who could have been easily contacted by Newman, by his own admission, had Whitfield's correct business address in California. In response to the question, "Could you have found out how to get in touch with him if somebody had asked you?" Newman himself testified, "I would have tried. I would have asked his mother if anybody asked me but didn't nobody ask me." (Emphasis supplied.) Apparently Newman's attorney failed to ask him if it would be possible to obtain Whitfield's address. Consequently, the affidavit of Newman's attorney which stated, "plaintiffs have been unable to ascertain [Whitfield's residence and address] after diligent inquiry" was simply unwarranted.
Under the facts of this case, notice by publication violated the well-known due process standards outlined in Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In that case Mr. Justice Jackson stated:
"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . . The notice must be of such nature as reasonably to convey the required information, . . . and it must afford a reasonable time for those interested to make their appearance. * * *
"[W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." 339 U.S. at 314-315, 70 S.Ct. at 657.
Since Whitfield could have easily been served by certified mail, notice by publication was insufficient to obtain jurisdiction and the default judgment against Whitfield is void.
Appellees assert that our recent case of Wynn v. Smith, 357 So.2d 973 (Ala.1978) is controlling here. We disagree for two reasons. First, the constitutional issue, that the judgment was void as entered in violation of constitutionally mandated notice standards, was not raised in that appeal. *260 Second, cases in which affidavits of diligent inquiry are attacked before a trial court are classic situations for the application of the ore tenus principle. Although it is not explicitly stated in Wynn the ore tenus rule in fact controlled the outcome of that case. There the record clearly showed that appellant's primary contention, that the affidavit failed to allege a diligent inquiry, was erroneous. Under the ore tenus rule, there was sufficient evidence of a diligent inquiry in that case to support the trial court's findings. But here, as we noted above, the evidence is uncontroverted that no diligent inquiry was made into Whitfield's address. Newman's own testimony showed that he could have gotten Whitfield's address if he had been asked to, but he was not asked. Certainly, assertions in an affidavit could be controverted by overwhelming evidence that they were unsupported by the facts. Here, even under the strict standard of appellate review embodied in the ore tenus rule, the' implied findings of the trial court cannot be affirmed, as they were "plainly and palpably erroneous."
Appellees also contend that the motion was not brought within the time required by Rule 60(b), ARCP. That rule establishes a four month time limit for relief from a judgment entered through mistake, by fraud, or for several other reasons. But a motion for relief from this judgment must be brought "within a reasonable time." There is nothing in the record which establishes that Whitfield delayed filing his motion to set aside the decree once he learned that the property had been sold. Consequently, the motion should have been granted.
REVERSED AND REMANDED.
BLOODWORTH, ALMON, SHORES and EMBRY, JJ., concur.

ON REHEARING
FAULKNER, Justice.
The opinion is corrected, and application for rehearing overruled.
TORBERT, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.