385 So.2d 1326 (1980)
Fred R. MILES
v.
W. A. McCLUNG.
Civ. 2310.
Court of Civil Appeals of Alabama.
July 2, 1980.
Thomas O. Bear of Lyons, Pipes & Cook, Mobile, for appellant.
Samuel W. Inge of Inge, McMillan & Inge, Mobile, for appellee.
HOLMES, Judge.
A default judgment was entered against the defendant. Thereafter, the defendant filed a Rule 60(b), ARCP, motion for relief from the judgment. The trial court denied defendant's Rule 60(b) motion and defendant appeals. We reverse and remand.
The dispositive issue is whether the plaintiff's affidavit filed pursuant to Rule 4.3, ARCP, is sufficient. If the affidavit does not satisfy the requirements of Rule 4.3 the defendant was not properly served and therefore the default judgment was due to be set aside.
A review of the record reveals the following:
The plaintiff sued the defendant on a promissory note. A summons and complaint was forwarded to the defendant by certified mail to the defendant's post office box in Mississippi.
Approximately one month later the summons and complaint was returned to the circuit court marked "Unclaimed."
*1327 Thereafter, the plaintiff filed an affidavit for service by publication pursuant to Rule 4.3(d)(1), ARCP. This affidavit is as follows:
I, the undersigned W. A. McClung, hereby certify that the address at which the Circuit Court of Mobile County, Alabama, attempted service upon Mr. Fred R. Miles (Post Office Box 1426, Tupelo, Mississippi 38801) was given to me personally by Mr. Miles and has been his personal address as long as I have known him.
I have known Mr. Miles personally for several years, have had numerous business contacts with him in the State of Alabama, and I know of my own knowledge that he is a resident of Tupelo, Mississippi, that he has extensive business interests in Alabama, and I know of no reason why mail sent to him at the aforementioned address would be returned, refused by him or left unclaimed.
The circuit clerk then ordered service by publication pursuant to Rule 4.3(d)(2). After such service was completed, the trial court entered a judgment by default in favor of the plaintiff.
Approximately seven months later the defendant filed a motion pursuant to Rule 60(b) seeking relief from the default judgment. As indicated, this motion was denied and the defendant appeals.
The defendant contends on appeal that the trial court erred in denying the Rule 60(b) motion because the default judgment is void. Stated differently, the defendant contends that he was not properly served because the plaintiff's affidavit as set out hereinabove did not sufficiently state facts showing an avoidance of service as required by Rule 4.3(d)(1) and, thus, the trial court did not have jurisdiction to enter a judgment against him.
At the outset, we note that Rule 4.2(b), ARCP, allows service on nonresident defendants by certified mail. Under Rule 4.2(b)(1)(C), if the return receipt shows failure of delivery and the requirements therein put forth are met, the nonresident may be served by publication pursuant to Rule 4.3.
Service of process is complete under the above circumstances when (1) the plaintiff files an affidavit with the clerk setting forth facts indicating the reasonable diligence utilized to ascertain the whereabouts of the defendant and (2) service by publication is made. See Rules 4.2(b)(1)(C) and 4.3(d)(1), ARCP.
We have carefully reviewed the record and first find that in this instance the plaintiff has complied with Rule 4.2(b). It is not contended otherwise. That is, the plaintiff properly attempted service on the defendant by certified mail. However, there was a "failure of delivery." The plaintiff then filed an appropriate affidavit showing reasonable diligence in locating the defendant. Thus, service by publication became available to the plaintiff as a proper method of service, provided the further affidavit filed pursuant to Rule 4.3(d)(1) was sufficient.
As indicated, the defendant contends that this affidavit, as set out above, does not comply with this subsection. Put another way, the defendant contends the affidavit does not aver that the defendant was avoiding service. We agree.
Rule 4.3(d)(1) states that before service by publication can be made where the defendant allegedly avoids service, an affidavit must be filed averring that the defendant has avoided service, putting forth such facts as would show such avoidance.
Here, the affidavit, at best, merely shows those efforts made by plaintiff to serve defendant by certified mail. Plaintiff neither specifically avers that defendant avoided service nor puts forth any facts which would specifically indicate any attempt to avoid service. The Committee Comments to Rule 4.3 clearly indicate that in a case such as this service by publication is to be allowed only when there is an "element of culpability on the part of the defendant." Moreover, "More than mere inability to find the defendant is required because of the use of the term `avoidance' of service."
Thus, we hold that the affidavit does not meet the minimum requirements of Rule *1328 4.3(d) of averring avoidance of service. Therefore, publication was not a proper method of service.
In view of the above, based upon the record before us, we conclude the trial court erred in denying defendant's Rule 60(b) motion. See Whitfield v. Sanders, Ala., 366 So.2d 258 (1978).
This case is due to be reversed and remanded.
REVERSED AND REMANDED.
BRADLEY, J., concurs.
WRIGHT, P. J., dissents.
WRIGHT, Presiding Judge, dissenting.
I must respectfully dissent from the basis for the conclusion of the majority in this case. That is, in order for a plaintiff to obtain service by publication against a non-resident defendant as defined by Rule 4.2, ARCP, it is necessary that two affidavits be made and that one affidavit must comply with Rule 4.3(d)(1) and allege facts indicating culpable avoidance of service by certified mail.
I will agree that Rule 4.2(b)(1)(C) may tend to mislead. It reads as follows:
(C) Failure of delivery. If the return receipt shows failure of delivery, the clerk shall forthwith notify, by mail, the attorney of record, or if there is no attorney of record, the party at whose instance process was issued. In the event that the return receipt shows failure of delivery, service is complete when the serving party or his attorney, after notification by the clerk, files with the clerk an affidavit setting forth facts indicating the reasonable diligence utilized to ascertain the whereabouts of the party to be served, and service by publication is made under Rule 4.3(c). (Emphasis ours.)
I submit that the above quoted rule provides that in the event of failure of delivery of certified mail, plaintiff is entitled to service by publication by filing with the clerk an affidavit containing facts indicating reasonable diligence in ascertaining the whereabouts of the defendant. The last phrase of the rule simply indicates that plaintiff thereafter is entitled to publication as provided by Rule 4.3(c). To interpret otherwise, as the majority has done, would require plaintiff to make two simultaneous affidavits. The first indicating due diligence in ascertaining defendant's whereabouts and the other alleging facts showing defendant is avoiding service. It is easily seen that these affidavits are very different and require totally different facts.
The scope or purpose of Rule 4.3 is specifically set out in 4.3(a)(1) and (2). It provides that service by publication is permitted in specific circumstances. In general, publication may be had only after attempts for service by other process have failed or been determined to be not reasonably possible. Rule 4.3(b) provides that if the residence of a Rule 4.2 defendant is known, publication is not permissible until attempt has been made to serve as provided by 4.2. Rule 4.3(c) specifically refers only to resident defendants. It provides in essence that when a resident defendant avoids service and his present location or residence is unknown and the process server has endorsed on the process the fact or failure of service and the reason therefor and returned it to the clerk "or where the return receipt shows a failure of service, the court may, on motion order service to be made by publication." I perceive the latter proviso to be the portion of Rule 4.3(c) referred to in the cited section of Rule 4.2.
Rule 4.3(d) states when and what affidavit is required for publication under the rule. It requires an affidavit only in specific instances. In each instance, it is clear that reference is to a resident defendant unless the claim falls under 4.3(a)(1). Those instances are (a) where the identity or residence of defendant is unknown or (b) where he has been absent from his residence for more than thirty days since filing of the complaint, or (c) where the defendant avoids service. The affidavit required is different in each of the separate instances. It is only in the instance of avoidance of service that facts must be averred showing such avoidance. Why should another affidavit *1329 be made in the case of a non-resident defendant? It should not, because an affidavit averring reasonable diligence has already been made under Rule 4.2. When publication is made upon motion and order of the court as provided by Rule 4.3(c), service is complete. (Rule 4.2(b)(1)(C), ARCP.)
It is stated in the commentary to Rule 4 that Rule 4.2 is a substitution and clarification of the former "long arm" statute. It merely removes the old fiction of the agency of the secretary of state and permits direct service of process through certified mail by the clerk of the court. I cannot accept the proposition that the supreme court in adoption of Rule 4 intended to require service by publication upon a non-resident defendant to be more difficult to obtain than that upon a resident defendant who might also have been served by certified mail. The difficulty of discovering facts showing avoidance of service by a non-resident defendant is obvious.
Under the decision of the majority, a plaintiff seeking to serve a non-resident defendant is entitled to obtain constructive service by publication only after making an affidavit of reasonable diligence to ascertain the whereabouts of defendant and another affidavit averring avoidance of service and facts showing such avoidance. A plaintiff seeking to serve a resident defendant either by a process server or by registered mail, may obtain service by publication only by making one affidavit.
There have been two recent cases by our supreme court indicating only one affidavit averring diligent inquiry as to an unknown defendant or unknown residence of defendant is required to obtain service by publication in actions classified under Rule 4.3(a)(1). Whitfield v. Sanders, 366 So.2d 258 (Ala.1978); Wynn v. Smith, 357 So.2d 973 (Ala.1978). Though not directly in point to this case, those cases indicate that the obtaining of publication under Rule 4.3 is not as complicated as the majority in this case would indicate.
It is my opinion that the reversal by the majority is improperly premised. The issue is merely whether the affidavit filed by plaintiff sets forth facts indicating reasonable diligence utilized to ascertain whereabouts of the party to be served. In my opinion, the affidavit filed by plaintiff is sufficient in that respect as a matter of law, and the judgment of the trial court should have been affirmed in the absence of evidence upon motion that the affidavit was false.