A default judgment was entered against the defendant. Thereafter, the defendant filed a Rule 60 (b), ARCP, motion for relief from the judgment. The trial court denied defendant's Rule 60 (b) motion and defendant appeals. We reverse and remand.
The dispositive issue is whether the plaintiff's affidavit filed pursuant to Rule 4.3, ARCP, is sufficient. If the affidavit does not satisfy the requirements of Rule 4.3 the defendant was not properly served and therefore the default judgment was due to be set aside.
A review of the record reveals the following:
The plaintiff sued the defendant on a promissory note. A summons and complaint was forwarded to the defendant by certified mail to the defendant's post office box in Mississippi.
Approximately one month later the summons and complaint was returned to the circuit court marked "Unclaimed." *Page 1327 
Thereafter, the plaintiff filed an affidavit for service by publication pursuant to Rule 4.3 (d)(1), ARCP. This affidavit is as follows:
 I, the undersigned W A. McClung, hereby certify that the address at which the Circuit Court of Mobile County, Alabama, attempted service upon Mr. Fred R. Miles (Post Office Box 1426, Tupelo, Mississippi 38801) was given to me personally by Mr. Miles and has been his personal address as long as I have known him.
 I have known Mr. Miles personally for several years, have had numerous business contacts with him in the State of Alabama, and I know of my own knowledge that he is a resident of Tupelo, Mississippi, that he has extensive business interests in Alabama, and I know of no reason why mail sent to him at the aforementioned address would be returned, refused by him or left unclaimed.
The circuit clerk then ordered service by publication pursuant to Rule 4.3 (d)(2). After such service was completed, the trial court entered a judgment by default in favor of the plaintiff.
Approximately seven months later the defendant filed a motion pursuant to Rule 60 (b) seeking relief from the default judgment. As indicated, this motion was denied and the defendant appeals.
The defendant contends on appeal that the trial court erred in denying the Rule 60 (b) motion because the default judgment is void. Stated differently, the defendant contends that he was not properly served because the plaintiff's affidavit as set out hereinabove did not sufficiently state facts showing an avoidance of service as required by Rule 4.3 (d)(1) and, thus, the trial court did not have jurisdiction to enter a judgment against him.
At the outset, we note that Rule 4.2 (b), ARCP, allows service on nonresident defendants by certified mail. Under Rule 4.2 (b)(1)(C), if the return receipt shows failure of delivery and the requirements therein put forth are met, the nonresident may be served by publication pursuant to Rule 4.3.
Service of process is complete under the above circumstances when (1) the plaintiff files an affidavit with the clerk setting forth facts indicating the reasonable diligence utilized to ascertain the whereabouts of the defendant and (2) service by publication is made. See Rules 4.2 (b)(1)(C) and 4.3 (d)(1), ARCP.
We have carefully reviewed the record and first find that in this instance the plaintiff has complied with Rule 4.2 (b). It is not contended otherwise. That is, the plaintiff properly attempted service on the defendant by certified mail. However, there was a "failure of delivery." The plaintiff then filed an appropriate affidavit showing reasonable diligence in locating the defendant. Thus, service by publication became available to the plaintiff as a proper method of service, provided the further affidavit filed pursuant to Rule 4.3 (d)(1) was sufficient.
As indicated, the defendant contends that this affidavit, as set out above, does not comply with this subsection. Put another way, the defendant contends the affidavit does not aver that the defendant was avoiding service. We agree.
Rule 4.3 (d)(1) states that before service by publication can be made where the defendant allegedly avoids service, an affidavit must be filed averring that the defendant has avoided service, putting forth such facts as would show such avoidance.
Here, the affidavit, at best, merely shows those efforts made by plaintiff to serve defendant by certified mail. Plaintiff neither specifically avers that defendant avoided service nor puts forth any facts which would specifically indicate any attempt to avoid service. The Committee Comments to Rule 4.3 clearly indicate that in a case such as this service by publication is to be allowed only when there is an "element of culpability on the part of the defendant." Moreover, "More than mere inability to find the defendant is required because of the use of the term `avoidance' of service."
Thus, we hold that the affidavit does not meet the minimum requirements of Rule *Page 1328 
4.3 (d) of averring avoidance of service. Therefore, publication was not a proper method of service.
In view of the above, based upon the record before us, we conclude the trial court erred in denying defendant's Rule 60 (b) motion. See Whitfield v. Sanders, Ala., 366 So.2d 258
(1978).
This case is due to be reversed and remanded.
REVERSED AND REMANDED.
BRADLEY, J., concurs.
WRIGHT, P.J., dissents.