I must respectfully dissent from the basis for the conclusion of the majority in this case. That is, in order for a plaintiff to obtain service by publication against a nonresident defendant as defined by Rule 4.2, ARCP, it is necessary that two affidavits be made and that one affidavit must comply with Rule 4.3 (d)(1) and allege facts indicating culpable avoidance of service by certified mail.
I will agree that Rule 4.2 (b)(1)(C) may tend to mislead. It reads as follows:
 (C) Failure of delivery. If the return receipt shows failure of delivery, the clerk shall forthwith notify, by mail, the attorney of record, or if there is no attorney of record, the party at whose instance process was issued. In the event that the return receipt shows failure of delivery, service is complete when the serving party or his attorney, after notification by the clerk, files with the clerk an affidavit setting forth facts indicating the reasonable diligence utilized to ascertain the whereabouts of the party to be served, and service by publication is made under Rule 4.3 (c). (Emphasis ours.)
I submit that the above quoted rule provides that in the event of failure of delivery of certified mail, plaintiff is entitled to service by publication by filing with the clerk an affidavit containing facts indicating reasonable diligence in ascertaining the whereabouts of the defendant. The last phrase of the rule simply indicates that plaintiff thereafter is entitled to publication as provided by Rule 4.3 (c). To interpret otherwise, as the majority has done, would require plaintiff to make two simultaneous affidavits. The first indicating due diligence in ascertaining defendant's whereabouts and the other alleging facts showing defendant is avoiding service. It is easily seen that these affidavits are very different and require totally different facts.
The scope or purpose of Rule 4.3 is specifically set out in 4.3 (a)(1) and (2). It provides that service by publication is permitted in specific circumstances. In general, publication may be had only after attempts for service by other process have failed or been determined to be not reasonably possible. Rule 4.3 (b) provides that if the residence of a Rule 4.2 defendant is known, publication is not permissible until attempt has been made to serve as provided by 4.2. Rule 4.3 (c) specifically refers only to resident defendants. It provides in essence that when a resident defendant avoids service and his present location or residence is unknown and the process server
has endorsed on the process the fact or failure of service and the reason therefor and returned it to the clerk "or where thereturn receipt shows a failure of service, the court may, on motion order service to be made by publication." I perceive the latter proviso to be the portion of Rule 4.3 (c) referred to in the cited section of Rule 4.2.
Rule 4.3 (d) states when and what affidavit is required for publication under the rule. It requires an affidavit only in specific instances. In each instance, it is clear that reference is to a resident defendant unless the claim falls under 4.3 (a)(1). Those instances are (a) where the identity or residence of defendant is unknown or (b) where he has been absent from his residence for more than thirty days since filing of the complaint, or (c) where the defendant avoids service. The affidavit required is different in each of the separate instances. It is only in the instance of avoidance of service that facts must be averred showing such avoidance. Whyshould another affidavit *Page 1329 be made in the case of a non-resident defendant? It should not, because an affidavit averring reasonable diligence has already been made under Rule 4.2. When publication is made upon motion and order of the court as provided by Rule 4.3 (c), service iscomplete. (Rule 4.2 (b)(1)(C), ARCP.)
It is stated in the commentary to Rule 4 that Rule 4.2 is a substitution and clarification of the former "long arm" statute. It merely removes the old fiction of the agency of the secretary of state and permits direct service of process through certified mail by the clerk of the court. I cannot accept the proposition that the supreme court in adoption of Rule 4 intended to require service by publication upon a nonresident defendant to be more difficult to obtain than that upon a resident defendant who might also have been served by certified mail. The difficulty of discovering facts showing avoidance of service by a non-resident defendant is obvious.
Under the decision of the majority, a plaintiff seeking to serve a non-resident defendant is entitled to obtain constructive service by publication only after making an affidavit of reasonable diligence to ascertain the whereabouts of defendant and another affidavit averring avoidance of service and facts showing such avoidance. A plaintiff seeking to serve a resident defendant either by a process server or by registered mail, may obtain service by publication only by making one affidavit.
There have been two recent cases by our supreme court indicating only one affidavit averring diligent inquiry as to an unknown defendant or unknown residence of defendant is required to obtain service by publication in actions classified under Rule 4.3 (a)(1). Whitfield v. Sanders, 366 So.2d 258
(Ala. 1978); Wynn v. Smith, 357 So.2d 973 (Ala. 1978). Though not directly in point to this case, those cases indicate that the obtaining of publication under Rule 4.3 is not as complicated as the majority in this case would indicate.
It is my opinion that the reversal by the majority is improperly premised. The issue is merely whether the affidavit filed by plaintiff sets forth facts indicating reasonable diligence utilized to ascertain whereabouts of the party to be served. In my opinion, the affidavit filed by plaintiff is sufficient in that respect as a matter of law, and the judgment of the trial court should have been affirmed in the absence of evidence upon motion that the affidavit was false.