HOLMES, Judge.
This appeal arises from a motion filed by the husband to vacate a divorce decree entered against him by default.
In July 1984 the trial court entered a final judgment of divorce, granting custody of the parties’ minor child to the wife and ordering the husband to pay child support. The divorce decree was entered by default following service upon the husband by publication.
In December 1986 the husband filed what is essentially a motion pursuant to Rule 60(b), Alabama Rules of Civil Procedure, to vacate the 1984 divorce decree on the basis that in personam jurisdiction was lacking when the decree was entered. The trial court denied the husband’s motion. We note that no issue is made as to the timeliness of the husband’s motion.
The husband appeals. We reverse and remand.
As noted above, the wife attempted to obtain service upon the husband by publication. To obtain such service, she filed an affidavit in which she alleged that she had twice attempted service by certified mail “at the only address known to [her],” that both times the certified mail was returned “unclaimed,” and that “we believe we cannot obtain service of process on the [husband] other than through publication.”
The husband contends that the wife’s affidavit was insufficient to obtain effective service of process upon him by publication because under Rule 4.3, A.R.Civ.P., publication may only be used where the defendant avoids service by other means and the plaintiff files an affidavit averring such avoidance.
We agree that Rule 4.3, A.R.Civ.P., provides for service by publication where a defendant avoids service by other means. Under such circumstances Rule 4.3(d)(1) requires that before service by publication can be made, the plaintiff must file an affidavit with the court, alleging that the defendant has avoided service of process and facts showing such avoidance. This court has required strict adherence to this *7 requirement of Rule 4.3(d)(1). See Richardson v. Arrington, 431 So.2d 1301 (Ala.Civ.App.1983); Miles v. McClung, 385 So.2d 1326 (Ala.Civ.App.1980).
This court recently pointed out, however, that Rule 4.3 also provides for service by publication where avoidance of service is not an issue, but the residence of the defendant is simply unknown to the plaintiff. See Brooks v. Brooks, 494 So.2d 645 (Ala.Civ.App.1986). In such a case Rule 4.3(d)(1) does not require the plaintiff’s affidavit to aver facts showing avoidance. Rather, the plaintiff should allege that “service of summons or other process cannot be made because ... the residence [of the defendant] is unknown to the affiant and cannot with reasonable diligence be ascertained.”
In this case the wife’s affidavit alleged only that the attempted service by certified mail was returned unclaimed and that she believed that service could only be effected by publication. The wife neither alleged avoidance of service by the husband nor that the husband’s address was unknown to her and could not be ascertained with reasonable diligence.
As such, we find the wife’s affidavit to be deficient under Rule 4.3(d)(1). See Brooks, 494 So.2d 645; Richardson, 431 So.2d 1301; Miles, 385 So.2d 1326. Accordingly, service by publication was not proper, and the trial court did not obtain in personam jurisdiction over the husband for entry of the divorce decree.
Due to the above, the trial court abused its discretion when it denied the husband’s motion to vacate the divorce decree on grounds that in personam jurisdiction was lacking.
This case is due to be reversed and remanded to the trial court for entry of a judgment not inconsistent herewith.
REVERSED AND REMANDED.
BRADLEY, P.J., and INGRAM, J., concur.