L. CHARLES WRIGHT, Retired Appellate Judge.
In September 1989 the Circuit Court of Coffee County entered a final judgment of divorce, awarding custody of the parties’ minor son to the husband. The judgment was entered by default following service by publication.
*664 In May 1992 the wife filed a Rule 60(b), A.R.Civ.P., motion to have the 1989 judgment of divorce set aside. In her motion she alleged that the 1989 judgment was void for failure to secure service and for lack of personal jurisdiction. Following a hearing, the trial court denied the wife’s motion. The wife appeals.
The dispositive issue is whether service by publication was sufficient to invoke personal jurisdiction over the wife.
In February 1989 the husband filed the complaint for divorce, alleging that the wife “has taken off with the child and that there is an imminent threat that she has left the State of Alabama with this child.” No summons appears in the record, and there is no evidence that service, other than by publication, was ever attempted.
In July 1989 the husband filed an affidavit, acknowledging that the wife left him in November 1988 and did not leave a forwarding address. He further stated that “I have not known her whereabouts or her address since that date. I have had contact with the Defendant, Taraz Rae Lester, by telephone but she refuses to tell me where she is or where she might be reached.”
Rule 4.3(d)(1), A.R.Civ.P., provides the following:
“(1) Affidavit Necessary. Before service by publication can be made in an action where the identity or residence of a defendant is unknown, or when a defendant has been absent from his residence for more than 30 days since the filing of the complaint or where the defendant avoids service, an affidavit of a party or his counsel must be filed with the court averring that service of summons or other process cannot be made because either the residence is unknown to the affiant and cannot with reasonable diligence be ascertained, or, the identity of the defendant is unknown, or, the resident defendant has been absent for more than 30 days since the filing of the complaint, or, the defendant avoids service, averring facts showing such avoidance.”
The wife asserts that the husband’s affidavit was insufficient to obtain effective service of process upon her by publication.
The husband’s affidavit alleges only that the wife’s whereabouts were unknown. He fails to aver that her address could not be ascertained with reasonable diligence. We find the husband’s affidavit to be deficient under Rule 4.3(d)(1). Floyd v. Floyd, 513 So.2d 6 (Ala.Civ.App.1987).
The trial court, several months after the hearing on the Rule 60(b) motion, entered a judgment, stating that the affidavit of the husband was insufficient. However, the court excused the insufficiency because of “unusual facts in the instant case.” We cannot discern how insufficient service may be excused. There was, at the hearing on the motion, a copy of the divorce petition served upon the wife. How that could affect the proceeding then before the court we cannot determine. It surely cannot revive the divorce action.
Service by publication was not proper. The trial court, therefore, did not obtain in personam jurisdiction over the wife for entry of the judgment of divorce.
The trial court abused its discretion in denying the wife’s Rule 60(b) motion. Accordingly, the judgment of the trial court is reversed and the case is remanded to the trial court with directions to set aside the 1989 judgment of divorce.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.