Movant appeals from denial of a Rule 60 (b) A.R.Civ.P. motion to set aside a default judgment for failure of proper service.
 Facts
Plaintiff filed suit against defendant in February 1980, claiming causes of action for quieting title to real property and damages for trespass to realty. Service of the summons and complaint was attempted by registered mail upon defendant at his address in Atlanta, Georgia. Two efforts at delivery were made unsuccessfully. Return was made showing that the letter was unclaimed by addressee. Affidavit was made by counsel for plaintiff stating that certified notice sent to defendant at his correct address had been returned unclaimed and that service by publication was necessary. Publication of notice of suit was performed in July 1980. Default judgment was entered upon the deposition of plaintiff in February 1982. Judgment found title to the property to be in plaintiff and awarded damages for trespass and cutting timber on the property.
In September 1982 defendant moved for stay of enforcement of the judgment and for relief therefrom, charging lack of proper service. After hearing, the motions were denied.
The issue presented on appeal is whether the judgment is void for lack of proper service.
It is settled that failure of proper service under Rule 4, A.R.Civ.P., deprives the court of jurisdiction and renders judgment by default void. Whitfield v. Sanders, 366 So.2d 258
(Ala. 1978); Sams v. Equitable Life Assurance Society of theU.S., et al., 402 So.2d 999 (Ala.Civ.App. 1981). Therefore we must look to the rules promulgated by our supreme court for service of process in each case to determine if proper *Page 1302 
service was effected to establish jurisdiction in the court to render judgment.
Rule 4.2 provides the basis for and the method of service of process upon persons out of state if the relief sought is an in personam judgment. The rule requires either service by certified mail with restricted delivery and return receipt or delivery by a process server. Rule 4.2 (b), A.R.Civ.P. If the return receipt for certified mail shows failure of delivery, service may be completed by publication under Rule 4.3, A.R.Civ.P., after filing with the clerk an affidavit setting forth facts indicating the reasonable diligence utilized to ascertain the whereabouts of the party to be served. Rule 4.2(b)(1)(C).
Under Rule 4.3 (d)(1), if service by publication is made necessary because the defendant has avoided service, an affidavit must be made alleging that defendant avoids service and averring facts showing such avoidance.[1] Failure to comply with the requirements of Rule 4.3 (d)(1) in the averments of the affidavit renders service by publication ineffective. Milesv. McClung, 385 So.2d 1326 (Ala.Civ.App. 1980).
The affidavit filed by plaintiff clearly fails to allege avoidance of service, nor does it aver facts showing such avoidance. Therefore the court erred in failing to grant the 60 (b) motion of defendant. Its judgment denying the motion is reversed. The case is remanded with direction that the judgment by default be set aside as void.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.
[1] See Committee Comments as to Rule 4.3, A.R.Civ.P.