The original opinion in this case dated April 24, 1985, was heretofore withdrawn by the court. The following opinion is substituted in its place.
This is a modification case where the father of two children seeks to terminate child support.
Upon the mother's complaint, a divorce judgment was rendered by the Circuit Court of Tallapoosa County, Alabama, in 1974. The father filed a petition in July 1984 in that same Alabama court, wherein he sought to be relieved from the payment of $100 per month for the support of the children as had been initially required by the divorce judgment. He averred that the daughter is now twenty-one years of age and is self-supporting and that the eighteen-year-old son is confined to the Jeremiah Home for Children in Omaha, Nebraska, at this time. The father further alleged that the mother has been relieved of the custody of the son and that she is no longer required to support him.
Service was had upon the mother by registered mail, and she filed her motion to dismiss the father's petition upon the following presently pertinent grounds. First, she alleged that a Colorado court had rendered a Uniform Reciprocal Enforcement of Support Act (URESA) judgment in March 1984, whereby the father was ordered to pay $200 per month for the support of the son, that the Alabama court lacked subject matter jurisdiction on that account, and that the Colorado judgment was entitled to full faith and credit. Second, she contended that the Alabama court lacked jurisdiction over the parties in that neither the father, mother, nor children are residents of Alabama.
The trial court granted the mother's motion and dismissed the father's modification petition. The father duly appealed.
It has long been the rule in Alabama that, if a divorce decree provides for a child's support, the trial court, at any time thereafter and without an original reservation *Page 116 
of power to do so, may modify that aspect of the decree to meet a change of conditions. Hardy v. Hardy, 250 Ala. 297,34 So.2d 212 (1948); Jenkins v. Jenkins, 418 So.2d 137 (Ala.Civ.App. 1982). A proceeding to modify or terminate a child support order is not an independent action, for it is a continuation of or is supplementary to the original divorce action. 24 Am.Jur.2d Divorce and Separation § 1089 (1983).
In the URESA case, Colorado was the responding state. Under URESA, any order of support issued by a court of a responding state does not supersede any previous order of support issued in a divorce. Ala. Code (1975), § 30-4-93 (b). Hence, the Colorado judgment did not oust the Alabama court of continuing jurisdiction to modify or terminate its own child support provisions as were contained in the 1974 divorce judgment of the parties.
It is true that, in interstate child custody matters, continuing jurisdiction to modify an original custody judgment is lost when the child and both parents have removed themselves from the state where the original judgment was rendered.28 U.S.C.A. § 1738A (d) (West Supp. 1985). However, both the Uniform Child Custody Act and the federal Parental Kidnapping Prevention Act are concerned with child custody and have no direct application to a child support modification case.
The father's petition was but an extension of the original divorce action, and it was not necessary that jurisdiction be reasserted. The personal service of process within Alabama upon the non-resident mother was not necessary since substituted service was authorized and was appropriately had upon her.State ex rel. Payne v. Empire Life Insurance Company ofAmerica, 351 So.2d 538, 542 (Ala. 1977); Hayes v. Hayes,472 So.2d 646 (Ala.Civ.App. 1985); 24 Am.Jur.2d Divorce andSeparation § 1090 (1983).
For the foregoing reasons, the trial court had personal jurisdiction over the mother as to this matter, and it possessed continuing jurisdiction over the subject matter, the father's child support modification proceeding. The judgment of the learned trial court is reversed, and this case is remanded to the circuit court in order that it may proceed with this civil action in a manner which is consistent with this opinion.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.