This appeal arises from the trial court's denial of defendant's motion for relief from judgment.
 The dispositive issue is whether the wife's affidavit alleging avoidance of service by the non-resident ex-spouse was sufficient to warrant service by publication.
 The trial court permitted service by publication and, as a result of the hearing at which the husband was not present, increased the husband's child support obligation from $70 to $500 per month. At the time of that child support modification order in 1981, the husband was then in arrears on his child support obligation in the amount of approximately $1,400. In 1987 the husband filed a motion for relief from the 1981 judgment. The husband apparently filed his motion at that time in response to collection efforts made by the Internal Revenue Service on the child support arrearages which had accumulated since 1981.
 After a hearing on the husband's motion, the trial court denied that motion for relief from the 1981 child support modification order. The husband appeals. We reverse and remand.
 The husband contends that he was not properly served in this case and that such a failure of service deprived the trial court of jurisdiction and rendered its 1981 order void. Specifically, he contends that service by publication in this case failed to comply with the requirements of Rule 4.3(d)(1), Alabama Rules of Civil Procedure, and was, therefore, ineffective. We agree.
Rule 4.3(d)(1) provides in pertinent part as follows:
 "(1) Affidavit Necessary. Before service by publication can be made in an action where the . . . defendant avoids service, an affidavit of a party or his counsel must be filed with the court averring that service of summons or other process cannot be made because . . . the defendant avoids service, averring facts showing such avoidance."
 The trial court permitted the wife to serve the husband by publication based upon an affidavit which reads in pertinent part as follows:
 "Personally appeared before me, the undersigned authority in and for said State and County, Shelby Gross Lo[e]wen, who being by me first duly sworn, doth depose and say that she is the complainant in the above entitled cause, that she and the respondent, Claude Eugene Gross, are each over twenty-one years of age, and that he is a non-resident of the State of Alabama, and resides at 140 Windward Lane, Roswell, Georgia 30077. However, the defendant is avoiding service, as service attempted by certified mail was returned undelivered." (Emphasis supplied.)
 The dispositive question thus becomes whether the wife's statement that, "the defendant is avoiding service, as service attempted by certified mail was returned undelivered," meets the Rule 4.3(d)(1) requirement that "facts showing such avoidance" be averred in the affidavit. (Emphasis supplied.)
 In Richardson v. Arrington, 431 So.2d 1301, 1302
(Ala.Civ.App. 1983), we stated the following: *Page 308 
 "Under Rule 4.3(d)(1), if service by publication is made necessary because the defendant has avoided service, an affidavit must be made alleging that defendant avoids service and averring facts showing such avoidance. Failure to comply with the requirements of Rule 4.3(d)(1) in the averments of the affidavit renders service by publication ineffective. Miles v. McClung, 385 So.2d 1326 (Ala.Civ.App. 1980)."
 In Miles v. McClung, 385 So.2d 1326, 1327 (Ala.Civ.App. 1980), we noted that
 "The Committee Comments to Rule 4.3 clearly indicate that in a case such as this service by publication is to be allowed only when there is an 'element of culpability on the part of the defendant.' Moreover, 'More than mere inability to find the defendant is required because of the use of the term "avoidance" of service.' "
 Recently, Professor Jerome Hoffman made the following pertinent observations with respect to the issue at bar:
 "b. Avoids service — A party moving for service by publication must show affirmatively, by affidavit or otherwise, that the party to be served 'avoids service.' The showing must go beyond mere conclusory assertions of the affiant, deponent or witness by 'averring facts showing such avoidance.' Rule 4.3(d)(1), ult. clause. Avoidance means that '[m]ore than mere inability to find the defendant is required'; the moving party must show an 'element of culpability on the part of the defendant.' Rule 4.3, committee comments. See also Richardson v. Arrington
(431 So.2d 1301 (Ala.Civ.App. 1983)). And one court has said that 'the draftsmen [of rule 4.3] required proof of "culpability" or a "hiding out" by a defendant before . . . in personam judgment can be entered on service by publication.' Federal Deposit Ins. Corp. v. Sims, 100 F.R.D. 792, 796
(N.D.Ala. 1984). The trial court must make a finding of avoidance upon the moving party's showing. Without such a showing and finding, an in personam judgment obtained by default and solely upon service by publication is void. Miles v. McClung, 385 So.2d 1326 (Ala.Civ.App. 1980)."
 Hoffman, Service by Publication under Rule 4.3, 49 Ala. Law. 20 (1988) (emphasis supplied).
 From the face of the affidavit in this case, we cannot determine upon what facts the allegation was based that could lead to a conclusion that the husband was "avoiding service." The affidavit does not recite any facts which would suggest that the husband was attempting to avoid personal service such that service by publication would be proper.
 It is true that our supreme court has heretofore stated that "a failure to claim mail may, in some instances, be construed as an avoidance of service." Marshall v. Mid-State Homes, Inc., 468 So.2d 131, 132 (Ala. 1985). Such a failure to claim mail, however, is but one factor which could be considered with others set out in the affidavit in concluding that a defendant was avoiding service. The supreme court recently held that the return of an unclaimed certified letter is not sufficient to warrant service by publication. See March v. Stringer, 518 So.2d 65 (Ala. 1987).
 We cannot hold, under the facts of this case, that the conclusory statement that the husband was avoiding service, based upon the return of an unclaimed certified letter, is sufficient to satisfy the requirement of Rule 4.3(d)(1), such that service by publication would be proper.
 We, therefore, reverse and remand as to this issue for entry of a judgment consistent with this opinion.
 Although it is not dispositive in view of the above, the husband also raises another issue which we feel is necessary to address.
 The issue is raised as to whether publication is available as a means of serving a nonresident defendant in the context of domestic relations cases such as the one at bar.
In Braley v. Horton, 432 So.2d 463 (Ala. 1983), it was held that personal jurisdiction may not be obtained over a nonresident *Page 309 
defendant through the means of service by publication.
 Braley is not, however, a domestic relations modification case. That case does not address, therefore, the question of whether the fact of a court's having continuing jurisdiction over an appropriate domestic relations case should lead to a different result than that reached in Braley with respect to service of nonresident defendants by publication.
 We believe that Campbell v. Campbell, 357 So.2d 129, 131
(Miss. 1978), correctly and exhaustively analyzes this issue. In concluding that nonresident defendants may be served by publication in child support modification cases, the Supreme Court of Mississippi made the following pertinent observations:
 "Examination of other authorities and decisions from other states reveal that the great weight of authority supports the conclusion that where a proceeding for modification of a personal decree of alimony or child support in a matrimonial action is permissible as a mere continuation of the original proceeding in which the award was rendered, as against a party who has since become a non-resident and over whom the court had personal jurisdiction in the original proceeding, the court's power to modify the award may be exercised upon reasonable notice, including constructive notice, other than personal service of process within the court's jurisdiction. According to 24 Am.Jur.2d Divorce and Separation, § 852, pp. 966, 967 (1966):
 " 'A proceeding to modify or terminate an order for child support is not an independent proceeding but is supplementary to, or a continuation of, the original divorce action. Thus, an application to increase payments for the support of a child should be made by a motion filed in the original divorce action.
 " 'It is not necessary to serve process upon the father within the jurisdiction of the court in order to modify a decree for child support, where the proceeding for modification is a mere continuation of the divorce action; the court may proceed after reasonable notice is given, even though the father is a nonresident. Of course, the father is entitled to notice of an application to increase payments, and the mother, if she has custody of the child, is entitled to notice of an application to reduce or terminate payments. The manner in which a party is to be notified is governed in some jurisdictions by statute; but in the absence of such a statute any reasonable notice is sufficient.' "
See also 62 A.L.R.2d 544, 546 (1958).
 As we stated in Brown v. Brown, 476 So.2d 114, 115-16
(Ala.Civ.App. 1985), "[i]t has long been the rule in Alabama that, if a divorce decree provides for a child's support, the trial court, at any time thereafter and without an original reservation of power to do so, may modify that aspect of the decree to meet a change of conditions." This is so, since "[a] proceeding to modify or terminate a child support order is not an independent action, [but] . . . a continuation of or . . . supplementary to the original divorce action." Brown, 476 So.2d at 116.
 Section 30-3-25(a)(4), Ala. Code (1975) (1983 Repl.Vol.), the Uniform Child Custody Jurisdiction Act, provides as follows:
 "(a) Notice required for the exercise of jurisdiction over a person outside this state shall be given in a manner reasonably calculated to give actual notice, and may be:
". . .
 "(4) As directed by the court, including publication, if other means of notification are ineffective."
 While it is true that we have held that the Uniform Child Custody Jurisdiction Act has no "direct" application to a child support modification case, Brown, 476 So.2d at 116, we believe that § 30-3-25(a)(4) is persuasive authority for service of non-resident defendants by publication in cases such as the one at bar.
Among the purposes of the Uniform Child Custody Jurisdiction Act are the promotion of stable home environments and the facilitation of the enforcement of custody *Page 310 
decrees. Ala. Code (1975), § 30-3-21. Surely, there are similar reasons for facilitating the enforcement of child support modification orders through service of nonresident defendants by publication in cases such as the one at bar.
 In a Mississippi case decided subsequently to Campbell, 357 So.2d 129, the supreme court noted the following:
 "The appellee wants us to distinguish between those cases involving a petition to modify child support and those involving petitions to modify child custody, but we can see no logical distinction that would alter the ruling in Campbell involving the court's jurisdiction."
 Bradshaw v. Bradshaw, 418 So.2d 64, 65 (Miss. 1982). We would add that we can see no logical distinction for providing in Alabama for service by publication in child custody modification cases but not in child support modification cases.
 This case is due to be reversed and remanded for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
INGRAM, J., concurs.
BRADLEY, P.J., concurs specially.