This is an appeal from the denial of a Rule 60(b)(4), A.R.Civ.P., motion for relief from judgment. The motion challenged the service of process that led to a default judgment against the defendant.
The case arose from an automobile accident in Coffee County. The defendant lived and worked in Florida. The plaintiff filed a complaint in Coffee Circuit Court and attempted to obtain service of process on the defendant by certified mail. The plaintiff supplied the clerk with an incorrect address (the wrong town name), and the complaint was returned "unclaimed" because of that error. The plaintiff corrected the address and again had the clerk send the complaint by certified mail. That envelope was also returned "unclaimed."
By the time of the second mailing the defendant had changed his mailing address. The plaintiff did not comply with Rule 4.2(b)(1)(A), which provides:
 "How Served. The Clerk shall place a copy of the process and complaint or other document to be served in an envelope and shall address the envelope to the person to be served at his last known address with instructions to forward. . . ." (Emphasis added.)
The Court of Civil Appeals has held, and we agree, that the return of certified mail "unclaimed" does not in and of itself constitute avoidance of service of process so as to justify service of process by ordinary mail or by publication. John H.Peterson, Sr. Enterprises, Inc. v. Chaney, *Page 1282 486 So.2d 1307 (Ala.Civ.App. 1986); see also Marshall v.Mid-State Homes, Inc., 468 So.2d 131 (Ala. 1985).
The plaintiff then hired a process server to attempt service on the defendant at his last known place of employment. The process server did not find him because by then he had retired. The plaintiff finally requested to have process served by publication and filed an affidavit supporting the request. The trial court entered an order directing service of process by publication.
Notice of the complaint was published in the EnterpriseLedger for four consecutive weeks. Four months later the plaintiff moved for and was granted a default judgment for $50,000. The defendant filed his Rule 60(b) motion three months after that, challenging the service of process by publication and seeking to have the default judgment set aside.
The only question presented in this appeal is whether the trial court erred in denying the defendant's motion to set aside the default judgment on the ground that the service of process by publication was invalid and would not support a default judgment against a non-resident of this state under the undisputed facts in this case. We hold that the trial court erred.
In Miles v. McClung, 385 So.2d 1326 (Ala.Civ.App. 1980), the Court of Civil Appeals held that the circumstances surrounding service by publication in that case were not sufficient to justify a money judgment. The court there pointed out:
 "The Committee Comments to Rule 4.3 clearly indicate that in a case such as this service by publication is to be allowed only when there is an 'element of culpability on the part of the defendant.' Moreover, 'More than mere inability to find the defendant is required because of the use of the term "avoidance" of service.' "
385 So.2d at 1327.
In this case the defendant supplied his correct address to the officer investigating the accident. The plaintiff misread the address and upon the first mailing directed the clerk to mail the summons and complaint to the wrong town in Florida. By the time of the second mailing, the defendant had changed his address, but the plaintiff did not instruct that the envelope be forwarded, as required by Rule 4.2(b)(1)(A). Finally, the plaintiff engaged a process server, but that process server went no further than finding the defendant's former place of employment.
There is an even more basic reason that service by publication in this case was improper: In Braley v. Horton,432 So.2d 463 (Ala. 1983), the court held that the question of whether the defendant was a resident or a non-resident of the state was determinative of whether service of process by publication was ever permissible. There the Court held that Rule 4.3(c) applied only to resident defendants or a corporation with one of its principal places of business within the state. That rule contains the following provision:
 "(c) Avoidance of Service. When a resident defendant avoids service and his present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned same to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication. . . ." (Emphasis added.)
Rule 4.3(a)(2) provides that "In no event shall an in personam
judgment be entered on service by publication except as provided in subparagraph (c) of this rule."
Under the facts of this case, the foregoing authorities compel the conclusion that the Circuit Court of Coffee County never obtained personal jurisdiction over the defendant in this case. It therefore erred in denying his motion for relief from the default judgment.
The judgment is, accordingly, reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and ADAMS, JJ., concur. *Page 1283