This action arose from an automobile collision in which Salih Cetinkaya's car was struck from behind, causing his car to strike the car in which Freddie Webster was riding. Webster sued Cetinkaya, alleging that he was injured as a result of the accident and that Cetinkaya had caused his injuries. Cetinkaya is an officer in the air force of the Republic of Turkey and was training at Maxwell Air Force Base, in Montgomery, when the collision occurred. When he completed his training at Maxwell Air Force Base, Cetinkaya was transferred back to his native country. His present whereabouts are unknown.
The circuit court dismissed Webster's action, on the conclusion that it had no jurisdiction over Cetinkaya. We agree with the trial court's ruling that it lacked in personam jurisdiction over the defendant because of the plaintiff's improper service of process. However, we reverse and remand to allow the plaintiff an opportunity to comply with the provisions of the Hague Convention.[1]
Webster has had several chances to perfect service on Cetinkaya, but has repeatedly failed to do so. He initially sued in Russell County, his own county of residence, arguing that venue was proper there because Cetinkaya was not a resident of Alabama. When he was unable to locate Cetinkaya, Webster moved the court to permit service by publication, under Rule 4.3, Ala.R.Civ.P. However, he requested that the publication be made in a Montgomery newspaper, instead of "in a newspaper of general circulation in the county in which thecomplaint [was] filed," as required by Rule 4.3(d)(2) (emphasis added). We also note that Russell County was not the proper venue for the action, because the accident did not occur in Russell County and Cetinkaya was not a resident of, and could not be found in, Russell County. Rule 82(b), Ala.R.Civ.P.
Although the Russell County judge allowed Webster to transfer the case to Montgomery County, where venue was proper, Webster has still not perfected service on Cetinkaya. Rule 4.3(c) provides that "[w]hen a resident defendant avoids service and his *Page 836 
present location or residence is unknown . . ., the court may, on motion, order service to be made by publication." Webster's reliance on Rule 4.3 to effect service of process by publication is mistaken. Cetinkaya has not "avoided" service, but has merely obeyed the authorities of his country and returned there after completing his tour of duty in Alabama. The Comment to Rule 4.3 offers further explanation:
 "Note that more than mere inability to find the defendant is required because of the use of the term 'avoidance' of service. Without this element of culpability on the part of the defendant when plaintiff has failed to obtain service other than by publication, substantial constitutional questions may be posed by the obtaining of an in personam judgment by publication."
(Emphasis added.)
We need not determine whether Cetinkaya was a resident of Alabama, either at the time of the accident or when Webster sued; it does not matter to our resolution of the issues presented. Because Cetinkaya did not actively avoid Webster's attempts to perfect service of process, but merely followed the orders of his superiors in the Turkish Air Force, service of process by publication under Rule 4.3 was improper as a matter of law. Wise v. Siegel, 527 So.2d 1281 (Ala. 1988).
Webster admits that any attempt at service of process by other means "appears to be a fruitless exercise in futility," and in more than two years he has not been able to ascertain Cetinkaya's whereabouts. However, he requests that if this Court determines that service by publication is unauthorized, that the Court then reverse and remand to allow him to attempt service under the Hague Convention. See Parsons v. Bank LeumiLe-Israel, B.M., 565 So.2d 20 (Ala. 1990); Rivers v. Stihl,Inc., 434 So.2d 766 (Ala. 1983).
The judgment of dismissal is reversed, and the action is remanded for the trial court to allow Webster areasonable time in which to attempt service under the Hague Convention.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and ALMON, KENNEDY and COOK, JJ., concur.
[1] The Hague Convention on The Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of November 15, 1965. See Rivers v. Stihl, Inc., 434 So.2d 766
(Ala. 1983).