Moses **THOMAS**, Jr., Plaintiff,

v.

Dannie Carl **MORGAN**, Suddath Van Lines, Inc., et al., Defendants.

No. CIV. A. 98–A–149–N.

United States District Court, M.D. Alabama, Northern Division.

April 15, 1998.

Jimmy S. Calton, Eufaula, AL, for plaintiff.

William C. McGowin, Thomas C. Tankersley, Montgomery, AL, for defendant.

### ORDER

ALBRITTON, Chief Judge.

This cause is now before the court on the Motion to Authorize Service by Publication filed by Plaintiff, Moses Thomas, Jr., on April 13, 1998. By this motion, brought pursuant to Federal Rule of Civil Procedure 4(e)(1) and Alabama Rule of Civil Procedure 4.3, Plaintiff seeks an order that service on Defendant, Danny Carl Morgan ("Morgan"), a non-resident of Alabama, be made by publication. The court finds that the Motion is due to be DENIED.

The Federal Rules of Civil Procedure state that unless it is contrary to federal law, one of the ways that service may be made upon individuals within a judicial district of the United States is "pursuant to the law of the state in which the district court is locat-

ed..." Fed.R.Civ.P. 4(e)(1). Thus, when a suit is filed in federal district court in the Middle District of Alabama, a plaintiff may serve on a defendant a copy of the complaint and a summons by any means authorized by Alabama law. The question for the court is whether the facts of this case present an occasion where Alabama law would authorize service by publication. *See Beasley v. U.S.*, 162 F.R.D. 700 (M.D.Ala.1995).

■ Alabama Rule of Civil Procedure 4.3 describes the circumstances in which service by publication is authorized. While Alabama courts acknowledge that interpreting Rule 4.3 is a difficult task, Alabama courts have indicated that service by publication is permissible in two circumstances. First, service by publication is permitted where a resident defendant has avoided service and cannot be located, and second, where service is sought upon a corporation having one of its principal places of business within the state. *See Shaddix v. Shaddix*, 603 So.2d 1096, 1098 (Ala.Civ.App.1992) (citing *Wise v. Siegel*, 527 So.2d 1281 (Ala.1988)). However, the general rule is that personal jurisdiction may not be obtained over a non-resident defendant through service by publication.[1] *Braley v. Horton*, 432 So.2d 463 (Ala.1983). The *Shaddix* court noted that "the limits of constitutional due process militate against service by publication as a mechanism for acquiring personal jurisdiction over a nonresident defendant in an in personam proceeding." *Shaddix*, 603 So.2d at 1098; *see also Alabama Waterproofing Co. v. Hanby*, 431 So.2d 141 (Ala.1983).

Alabama Rule of Civil Procedure 4.3(c) authorizes service by publication upon a *resident* defendant who avoids service. (emphasis added) The rule provides in pertinent part that

[w]hen a resident defendant avoids service and his present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned same to the clerk or where the

---

1. Service by publication on nonresident defendants is permissible in child custody and child support modification cases. *Gross v. Loewen*, 522 So.2d 306, 309 (Ala.Civ.App.1988). The un-

derlying theory is that these proceedings are not independent actions, but continuations of, or supplementary to, a prior divorce action. *Id.*

return receipt shows a failure of service, the court may, on motion, order service to be made by publication.

Ala. R. Civ. P. 4.3(c). The Alabama Supreme Court in *Braley* held that Rule 4.3(c) was not applicable to non-resident defendants. *Braley*, 432 So.2d 463 (Ala.1983).

■ Plaintiff's Motion states he is seeking permission of the court "directing that the non-resident Defendant Dannie Carl Morgan be served by publication." In his Complaint, Plaintiff asserts that Morgan is a Florida resident. Complaint at ¶ 2. Plaintiff counsel's affidavit attached to the Motion sets out a Georgia address listed for Morgan in the accident report and describes the steps taken in an attempt to serve Morgan.[2] None of the facts contained in the affidavit alters the fact that Morgan is a non-resident of Alabama, and therefore, not amenable to service by publication regardless of Plaintiff's diligence. The court acknowledges that service on non-residents may be frustrating and time-consuming. Accordingly, the court often grants plaintiffs' requests for extensions of time to locate and serve non-residents. However, in serving non-resident Defendant Morgan, Plaintiff must resort to methods of service permitted under Fed.R.Civ.P. 4(e).

For the reasons above, the court finds that Plaintiff's Motion To Authorize Service by Publication is due to be, and hereby is, DENIED.

Plaintiff is given **until June 15, 1998** to perfect service on Dannie Carl Morgan or, in the absence of a showing at that time of good cause for the failure, this action will be dismissed without prejudice as to that defendant, pursuant to Rule 4(m), *Fed.R.Civ.P.*, and the case will proceed against Defendant Suddath Van Lines, Inc. alone.

---

**2.** Plaintiff's counsel has stated that he has failed to locate Morgan after having searched "with the Georgia and Alabama Long Distance Telephone Directory Operator(s) and the World Wide Web Alta Vista People Search function, thereby searching every phone number published in the States of Alabama and Georgia." If Morgan is in fact a Florida resident, as Plaintiff has averred in his Complaint, Plaintiff may be more successful if he checks with those sources throughout the State of Florida.