On November 2, 1995, Geneva L. O'Neal sued Billy Vaughan and Atlantic American Life Insurance Company. She alleged that Vaughan had sold her a medical-insurance policy issued by Atlantic American; that when he sold her the policy he was acting as an agent of Atlantic American; and that in selling her the policy he made misrepresentations to her. She sought damages for fraud.
On November 13, 1996, O'Neal sought a default judgment against Vaughan, contending that he had failed to timely answer or plead following service by publication. The court entered a default judgment against Vaughan for $100,000 in compensatory damages and $1,100,000 in punitive *Page 636 
damages. The court did not conduct a hearing on the issue of damages.
A hearing was held on the sole issue of whether Vaughan was an agent for Atlantic American. The court found that Vaughan was a soliciting agent for Atlantic American when he sold the policy to O'Neal. The court stated that O'Neal had obtained a judgment against Vaughan for $1,200,000 and that, based upon the court's determination that Vaughan was Atlantic American's agent, the court entered a judgment declaring that Atlantic American was "liable for this judgment under the theories of vicarious liability and respondeat superior."
Atlantic American filed a post-judgment motion. Vaughan filed a Rule 60(b), Ala. R. Civ. P., motion requesting the court to set aside the default judgment, claiming that the judgment against him was void for a lack of service of process. The court denied the motions, but remitted the $100,000 compensatory-damages award to $25,000 and remitted the $1,100,000 punitive-damages award to $200,000. Vaughan and Atlantic American appealed, separately, to the Alabama Supreme Court, which deflected the appeals to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Both defendants argue that the service by publication was improper and therefore that the default judgment was improper. We agree.
Rule 60(b) provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void." "It is well settled that failure of proper service under Rule 4, A.R.Civ.P., deprives a court of jurisdiction and renders judgment by default void." Shaddix v. Shaddix, 603 So.2d 1096, 1098-99
(Ala.Civ.App. 1992); see Bieber v. Bieber, 623 So.2d 1163 (Ala.Civ.App. 1992).
O'Neal first attempted service of process upon Vaughan by certified mail. The summons and complaint were returned to the clerk of the court as unserved and unclaimed. O'Neal sought the appointment of a special process server, stating that certified mail to Vaughan had been returned unanswered and that Vaughan lived at "165 Murray Drive, Montevallo, Alabama 35115, and [that] plaintiff is unable to give specific directions in order that the sheriff's department may serve him." The court appointed a process server on January 23, 1996. On September 18, 1996, O'Neal requested the court to allow service by publication pursuant to Rule 4.3, Ala. R. Civ. P. The trial court entered an order directing service by publication. Publication was made in a daily newspaper published in Lauderdale County.
Rule 4.3(c), Ala. R. Civ. P., provides:
 "(c) Avoidance of Service. When a resident defendant avoids service and that defendant's present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned same to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication."
The defendants contend that service by publication was improper because, they say, 1) Vaughan was not a resident of Alabama and 2) O'Neal failed to allege facts to establish avoidance of service.
It is well settled that personal jurisdiction may not be obtained over a nonresident defendant through service by publication. Wise v. Siegel, 527 So.2d 1281 (Ala. 1988).
A party seeking service by publication must show affirmatively, by affidavit or otherwise, that the party to be served is a resident, and the trial court must make a finding of residency. Braley v.Horton, 432 So.2d 463 (Ala. 1983).
Vaughan claims that he was not an Alabama resident at the times when O'Neal attempted to serve him by (1) certified mail, (2) process server, or (3) publication. *Page 637 
In his affidavit in support of his Rule 60(b), motion to set aside the default judgment, Vaughan stated:
 "3. I understand that the lawsuit was filed against me in November 1995 and that O'Neal's attorneys attempted to obtain service of process upon me by certified mail on November 30, 1995. I understand that service was attempted at 165 Murray Drive in Montevallo, Alabama.
 "4. I was not living in Montevallo, Alabama during November 1995 and I did not attempt to evade service of process. In fact, I was living and working in Telequah, Oklahoma during 1995. This was my permanent address at the time.
 "7. I understand that O'Neal's attorneys made further attempts to serve me by publication in September and October 1996. I was not a resident of Alabama at the time. In fact, I lived in Dallas, Texas from April 1996 to January 1997, whereupon I moved to the St. Petersburg/Clearwater area of Florida, and lived there until July 1997.
 "8. My first knowledge of the lawsuit filed against me by O'Neal was on May 12, 1998, when I was contacted by the attorney for Atlantic American Life Insurance Company, Larry Bradford. In summary, I was not a resident of the state of Alabama at any time during the efforts made by O'Neal's attorneys to serve me by certified mail, by a special process server or by publication. I was a resident of and lived in the states of Oklahoma and Texas during those periods of time, and I did not maintain any sort of residence in the state of Alabama. Specifically, I was not a resident of the state of Alabama when O'Neal's attorneys attempted to serve me by publication in September and October of 1996. I was a resident of and lived in Dallas, Texas during that time."
Wade, the process server, admitted that the residence where he attempted to serve Vaughan was the home of Vaughan's mother. When O'Neal made the motion for service by publication, she presented no evidence to establish Vaughan's residency. However, we find service by publication insufficient for an additional reason.
Rule 4.3(d)(1), Ala. R. Civ. P., provides:
 "(1) Affidavit Necessary. Before service by publication can be made in an action where . . . the defendant avoids service, an affidavit of a party or the party's counsel must be filed with the court averring that service of summons or other process cannot be made because . . . the defendant avoids service, averring facts showing such avoidance."
"`Under Rule 4.3(d)(1), if service by publication is made necessary because the defendant has avoided service, an affidavit must be made alleging that [the] defendant avoids service and averring facts showing such avoidance. Failure to comply with the requirements of Rule 4.3(d)(1) in the averments of the affidavit renders service by publication ineffective. Milesv. McClung, 385 So.2d 1326, 1327 (Ala.Civ.App. 1980).'" Grossv. Loewen, 522 So.2d 306, 308 (Ala.Civ.App. 1988), quotingRichardson v. Arrington, 431 So.2d 1301, 1302 (Ala.Civ.App. 1983).
In support of the motion, O'Neal submitted an affidavit of her attorney, which stated:
 "In my efforts to serve the defendant, Billy B. Vaughan, who had previously not answered service by certified mail, I did the following:
 "1. Contacted numerous public entities to ascertain whether [Vaughan] resides at the address given by the Alabama Insurance Office;
 "2. Contacted [Vaughan's] last known employer to attempt to obtain a current address;
 "3. Attempted to serve [Vaughan] by a special process server, Gerald Wade."
The motion for publication stated:
 "7. That [O'Neal] attempted to have [Vaughan] served by a special process server, Gerald Wade. *Page 638 
"8. That [Vaughan] is avoiding service of process."
In Miles v. McClung, 385 So.2d 1326, 1327
(Ala.Civ.App. 1980), this court noted: "The Committee Comments to Rule 4.3 clearly indicate that in a case such as this service by publication is to be allowed only when there is an `element of culpability on the part of the defendant.'"See Wise v. Siegel, supra, 527 So.2d at 1282; Gross v.Loewen, supra, 522 So.2d at 308. The Committee Comments to Rule 4.3 state, in reference to Rule 4.3(c):
 "[M]ore than mere inability to find the defendant is required because of the use of the term `avoidance' of service. Without this element of culpability on the part of the defendant when plaintiff has failed to obtain service other than by publication, substantial constitutional questions may be posed by the obtaining of an in personam judgment by publication. Further, note that publication is only available on motion at which time the plaintiff should bring to the attention of the court those circumstances which, in the opinion of the plaintiff, [substantiate] plaintiff's contention that the defendant is avoiding service and that plaintiff is entitled to service by publication"
Further in Gross, this court stated:
 "Recently, Professor Jerome Hoffman made the following pertinent observations with respect to the issue [of service by publication].
 "`b. Avoids service — A party moving for service by publication must show affirmatively, by affidavit or otherwise, that the party to be served "avoids service." The showing must go beyond mere conclusory assertions of the affiant, deponent or witness by "averring facts showing such avoidance." Rule 4.3(d)(1), ult. clause. Avoidance means that "[m]ore than mere inability to find the defendant is required"; the moving party must show an "element of culpability on the part of the defendant." Rule 4.3 committee comments. See also Richardson v. Arrington (431 So.2d 1301
(Ala.Civ.App. 1983)). And one court has said that "the draftsmen [of Rule 4.3] required proof of `culpability' or a `hiding out' by a defendant before . . . in personam judgment can be entered on service by publication." Federal Deposit Ins. Corp. v. Sims, 100 F.R.D. 792, 796 (N.D. Ala. 1984). The trial court must make a finding of avoidance upon the moving party's showing. Without such a showing and finding, an in personam judgment obtained by default and solely upon service of publication is void. Miles v. McClung, 385 So.2d 1326
(Ala.Civ.App. 1980).
 "Hoffman, Service by Publication under Rule 4.3, 49 Ala. Law. 20 (1988) (emphasis supplied in [Gross])."
In her motion for service by publication, O'Neal stated that Vaughan was avoiding service by process. However, O'Neal's counsel did not even state in her affidavit that Vaughan was avoiding service. The plaintiff asserted no facts to explain how Vaughan was avoiding service.
The affidavit recites no facts that would establish that Vaughan was attempting to avoid personal service so as to make service by publication proper. We cannot find the conclusory statement in the motion for service by publication — that Vaughan was avoiding service — sufficient to satisfy the requirement of Rule 4.3(d)(1). Thus, we conclude that the service by publication was not proper.
Because the court never obtained personal jurisdiction over Vaughan, the default judgment was void. Thus, the court erred in not granting Vaughan's Rule 60(b) motion to set aside the default judgment. We therefore reverse the order denying Vaughan's Rule 60(b) motion, and we reverse the judgment against Atlantic American.
2980248 — REVERSED AND REMANDED. *Page 639 
2980249 — REVERSED AND REMANDED.
Robertson, P.J., and Yates, Crawley, and Thompson, JJ., concur.