In December 1998, Linda Faye Williams filed a complaint in the Montgomery Circuit Court against Joji Kanazawa, alleging that she had been injured as a result of an automobile accident that occurred in January 1997 and that Kanazawa's negligence and/or wantonness had caused her injuries. The Montgomery County sheriff attempted service of process on Kanazawa in December 1998 at Kanazawa's former Montgomery residence. The "No Service Notice" returned to the trial court by the Montgomery County sheriff's office stated that Kanazawa was not served; the notice bore the notations "Party Moved" and "Moved to Japan." Williams then filed a motion for service by publication pursuant to Rule 4.3(c), Ala.R.Civ.P. Attached to that motion was an affidavit of Williams's counsel stating that Kanazawa was a "resident adult citizen of the State of Alabama" and that Kanazawa had "concealed himself so that . . . [p]rocess in this cause cannot be served on him." The trial court granted Williams's motion and ordered that service be by publication in theMontgomery Independent, a newspaper of general circulation in Montgomery County.
After publication had taken place, Williams filed a motion for the entry of a default judgment. On July 13, 2000, the trial court entered an entry of default against Kanazawa. On July 17, 2000, the trial court held a hearing concerning William's damages and entered a default judgment against Kanazawa in the amount of $37,500 plus court costs. Thereafter, by letter dated October 2, 2000, Williams made a demand on Integon Insurance Company ("Integon"), Kanazawa's liability-insurance carrier, for payment.
On December 5, 2000, legal counsel for Integon, on behalf of Kanazawa, filed a motion to set aside the default judgment pursuant to Rule 60(b), Ala.R.Civ.P., alleging that the trial court lacked in personam jurisdiction over Kanazawa and that the default judgment was, therefore, void. Attached to that motion was an affidavit of Kanazawa's former landlord stating that Kanazawa had come to Montgomery from Japan in late 1993 or early 1994 to attend Auburn University in Montgomery and that Kanazawa had returned to Japan in mid-1998 after completing his studies. On January 11, 2001, the trial court entered an order setting aside the default judgment as "void for lack of personal jurisdiction due to improper service"; that order granted Williams "leave to attempt service over [Kanazawa], who resides in Japan, under the terms of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, as required by Alabama law" ("the Hague Convention").[1]
On February 12, 2001, Williams filed a "motion to set aside" the January 11, 2001, order relieving Kanazawa from the default judgment. Williams sought the reinstatement of the default judgment, alleging, among other things, that "[n]o credible proof was adduced . . . that [Kanazawa] was . . . a Japanese citizen and is not avoiding the jurisdiction of this court." On August 9, 2001, the trial court granted Williams's motion to reinstate the default judgment, stating that it had found "sufficient evidence and facts" to vacate its January 11, 2001, order. Kanazawa appeals.
Kanazawa contends that the trial court erred in reinstating the default judgment *Page 394 
because, he claims, the default judgment was void for lack of in personam jurisdiction. Kanazawa contends that where service of publication is improper a judgment is void for lack of in personam jurisdiction and that Rule 4.3(c), Ala.R.Civ.P., requires more than conclusory assertions of a defendant's avoidance of service, citing Webster v. Cetinkaya,638 So.2d 834 (Ala. 1994); Vaughan v. O'Neal, 736 So.2d 635 (Ala.Civ.App. 1999); and Gross v. Loewen, 522 So.2d 306 (Ala.Civ.App. 1988).
Rule 60(b), Ala.R.Civ.P., provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void."
 "Rule 60(b)(4), Ala.R.Civ.P., provides relief from a final judgment where the court that rendered it lacked jurisdiction over the subject matter or over the parties. The denial of relief under Rule 60(b) is within the discretion of the trial court and will not be disturbed on appeal absent evidence of abuse of discretion. However, when the grant or denial of relief depends on the validity of the judgment, abuse of discretion is not the appropriate standard of review. If the judgment is valid it must stand; if it is void, it must be set aside."
 State ex rel. Dep't of Human Res. v. Curran, 716 So.2d 1196, 1200
(Ala.Civ.App. 1997) (emphasis added; citations omitted).
Rule 4.3, Ala.R.Civ.P., governs service by publication.
"This rule applies as follows:
 "(1) To a claim historically equitable involving property under the control of the court (e.g., administration of an estate, interpleader, partition) or marital status which said claim has heretofore been deemed appropriate for service by publication where the identity or residence of a defendant is unknown or, where a resident defendant has been absent from that defendant's residence for more than thirty days since the filing of the complaint and the method of service by publication in such instances is not specifically provided by statute; and,
 "(2) To a claim, whether legal or equitable, against a defendant who avoids service of process as described in subparagraph (c) of this rule.
 "This rule does not supersede specific procedure for publication as set forth in certain statutes governing special proceedings (e.g., attachment, in rem action to quiet title) and, in such proceedings, the specific statutory procedure for publication and all other requirements appearing therein shall govern except to the extent that subparagraph (b) of this rule may be applicable. In no event shall an in personam judgment be entered on service by publication except as provided in subparagraph (c) of this rule."
Rule 4.3(a), Ala.R.Civ.P. Service by publication in the present case was attempted pursuant to Rule 4.3(a)(2), i.e., on the defendant who allegedly had avoided service of process. We further note, therefore, that subparagraph (c) of Rule 4.3, upon which the operation of Rule 4.3(a)(2) depends, provides for service by publication "[w]hen a resident defendant avoids service."
In Webster, supra, the parties were involved in an automobile accident in Montgomery County. The defendant, Cetinkaya, was an officer in the Air Force of the Republic of Turkey who was training at a military base in Montgomery when the automobile accident occurred. After Cetinkaya completed his training, he was ordered to return to Turkey. Unable to locate Cetinkaya, the plaintiff, Webster, *Page 395 
attempted service by publication. The trial court dismissed the action, finding that it lacked in personam jurisdiction over the defendant and that service by publication would not be proper. The Alabama Supreme Court agreed:
 "Webster's reliance on Rule 4.3[, Ala.R.Civ.P.,] to effect service of process by publication is mistaken. Cetinkaya has not `avoided' service, but has merely obeyed the authorities of his country and returned there after completing his tour of duty in Alabama. The Comment to Rule 4.3 offers further explanation:
 "`Note that more than mere inability to find the defendant is required because of the use of the term "avoidance" of service. Without this element of culpability on the part of the defendant when plaintiff has failed to obtain service other than by publication, substantial constitutional questions may be posed by the obtaining of an in personam judgment by publication.'
 "We need not determine whether Cetinkaya was a resident of Alabama, either at the time of the accident or when Webster sued; it does not matter to our resolution of the issues presented. Because Cetinkaya did not actively avoid Webster's attempts to perfect service of process, but merely followed the orders of his superiors in the Turkish Air Force, service of process by publication under Rule 4.3 was improper as a matter of law."
Webster, 638 So.2d at 836.
In this case, the affidavit of Kanazawa's former landlord establishes that Kanazawa had returned to Japan as he and his parents had originally planned upon completing his studies at Auburn University in Montgomery. The affidavit further establishes that Kanazawa remained at his Montgomery residence in this country for approximately 18 months following the automobile accident and that he left that address to return to Japan several months before the lawsuit was filed. Although on appeal Williams attacks the credibility of the affidavit, she did not lodge any objections to the affidavit in the trial court. We conclude that the affidavit of Kanazawa's former landlord demonstrated that Kanazawa did not attempt to avoid service, but that he merely returned to Japan after attaining his educational goals.
Williams contends that the affidavit of Kanazawa's former landlord did not establish that Kanazawa was not a resident of Alabama, and, she argues that the burden should be on Kanazawa to establish that he was not a resident of Alabama. However, in order for a plaintiff to properly resort to service by publication under Rule 4.3(c) with respect to an historically legal claim, such as Williams's tort claim, the defendant must be a "resident" of Alabama and "avoid[ing] service." See
Rule 4.3(c), Ala.R.Civ.P. Under Alabama law, the burden is on the plaintiff who is seeking service by publication to show that the defendant has avoided service, a burden that must be met by more than "mere conclusory assertions." Vaughan, 736 So.2d at 638 (emphasis omitted); see alsoGross, 522 So.2d at 308. In this case, we conclude that the conclusory assertions made by Williams's legal counsel in counsel's affidavit that Kanazawa had attempted to avoid service are insufficient as a matter of law.
For the foregoing reasons, the August 9, 2001, judgment of the trial court is reversed, and the cause is remanded for the trial court to reinstate its previous judgment allowing Williams leave to serve Kanazawa under the terms of the Hague Convention. *Page 396 
The motion to strike filed by Kanazawa is denied.
REVERSED AND REMANDED.
Yates, P.J., and Crawley, Thompson, and Pittman, JJ., concur.
[1] For a discussion of the Hague Convention, see Rivers v. Stihl,Inc., 434 So.2d 766 (Ala. 1983).