I. Facts and Procedural History
Laythron Tillis and his wife, Ethel Tillis, allege that, on or about April 14, 2002, Cecil E. Cameron, while driving a rental car he had leased from Hertz Corporation, rear-ended the vehicle occupied by Laythron, injuring him. As a result, the Tillises sued Cameron in the Coffee Circuit Court; Laythron alleged negligence and wantonness, and Ethel alleged loss of consortium.
The Tillises twice attempted to serve Cameron with the summons and complaint via certified mail at Cameron's last-known address in Ft. Walton Beach, Florida. Both attempts failed, and each return-receipt came back unclaimed. Subsequently, the Tillises filed a motion with the trial court for service by publication, which the trial court granted. The trial court ordered *Page 353 
that notice of the complaint be published once a week for four successive weeks in a newspaper published in Coffee County. Apparently, Hertz became aware of the litigation and, pursuant to its rental agreement with Cameron, retained an attorney to represent Cameron. Hertz denies having had any contact with Cameron since entering into the rental agreement, and the attorney Hertz retained to represent Cameron denies ever having any contact with Cameron. Both Hertz and the attorney it retained to represent Cameron deny knowledge of Cameron's current whereabouts.
The attorney Hertz retained to represent Cameron states that he discovered through "alacourt.com," an Internet database of court records, that service had been made by publication, and he thereafter made a limited appearance in the trial court for the purpose of challenging such service. The attorney filed a "motion in opposition to plaintiffs motion for service by publication and motion to quash service." In effect, the motion falls under Rule 12(b)(4), Ala. R. Civ. P., attacking the sufficiency of process by arguing that Cameron was not subject to service by publication under the terms of the version of Rule 4.3(c), Ala. R. Civ. P., in effect at the time service by publication was made and that, the attorney says, applies to this proceeding.
The Tillises opposed the motion and moved for an entry of default. At a hearing in the trial court, the attorney retained to represent Cameron refused to accept service of process on Cameron's behalf. After the hearing, the trial court entered a written order denying the attorney's motion to quash service and granting the Tillises' motion for the entry of a default judgment. Subsequently, the trial court entered a judgment by default against Cameron and assessed damages of $120,000 for Laythron and $20,000 for Ethel. Fourteen days later, the attorney retained to represent Cameron filed a motion requesting the trial court to set aside the default judgment under Rule 55(c), Ala. R. Civ. P.; to grant relief from the judgment under Rule 60(b), Ala. R. Civ. P.; or to alter, amend, or vacate the judgment under Rule 59(e), Ala. R. Civ. P. The attorney for Cameron argued in his motion that a nonresident defendant cannot be served by publication; that, in any event, before service may be made by publication, there must be evidence indicating that the defendant has avoided service; that default judgments are disfavored in the law; that the default judgment unduly prejudiced Cameron; and that the damages awarded were unsupported and excessive. The trial court denied the motion, and Cameron appealed.
 II. Standard of Review
"The standard of review in the case of an order setting aside, or refusing to set aside, a default judgment proceeds on the basis that the trial judge has great discretion, and his judgment will not be disturbed unless he has clearly [exceeded] such discretion." Roberts v. Wettlin, 431 So.2d 524,526 (Ala. 1983). However, "[w]hen the grant or denial [of a request for relief from a judgment] turns on the validity of the judgment, discretion has no place for operation. If the judgment is void, it is to be set aside; if it is valid, it must stand." Smith v. Clark, 468 So.2d 138, 141
(Ala. 1985).
 III. Analysis
The attorney for Cameron argues that the trial court erred in refusing to set aside the default judgment or otherwise to grant Cameron relief from that judgment because, according to Cameron's attorney, the judgment was void in that the trial court lacked personal jurisdiction over *Page 354 
Cameron. See, generally, Clark, 468 So.2d at 141 ("A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process."). According to Cameron's attorney, the trial court lacked personal jurisdiction over Cameron because he had not been properly served with the summons and complaint. See, generally, Image Auto, Inc. v.Mike Kelley Enters., Inc., 823 So.2d 655, 657 (Ala. 2001) ("It is settled law that failure to effect proper service under Rule 4, Ala. R. Civ. P., deprives the court of jurisdiction and renders a default judgment void.").
Cameron's attorney argues that Cameron was not properly served because the law provides that only Alabama residents may be served by publication. In Wise v. Siegel,527 So.2d 1281, 1282 (Ala. 1988), this Court stated:
 "In Braley v. Horton, 432 So.2d 463
(Ala. 1983), the court held that the question of whether the defendant was a resident or a non-resident of the state was determinative of whether service of process by publication was ever permissible. There the Court held that Rule 4.3(c)[, Ala. R. Civ. P.,] applied only to resident defendants or a corporation with one of its principal places of business within the state. That rule contains the following provision:
 "`(c) Avoidance of Service. When a resident
defendant avoids service and his present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned same to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication. . . .' (Emphasis added.)
 "Rule 4.3(a)(2) provides that `In no event shall an in personam judgment be entered on service by publication except as provided in subparagraph (c) of this rule.'"
Cameron's attorney argues that, because the Tillises did not show that Cameron was a resident of Alabama and because the trial court made no finding that Cameron was a resident of Alabama, the above-quoted authority requires reversal of the trial court's order refusing to grant Cameron relief from the default judgment.
Wise was decided in 1998. An amendment to Rule 4.3, Ala. R. Civ. P., effective August 1, 2004, deleted the term "resident" from subsection (c) of Rule 4.3, which was quoted inWise and Braley. The Committee Comments to Amendment to Rule 4.3 Effective August 1, 2004, state: "Under the Rule as amended, any defendant who is avoiding service is amenable to service by publication, even nonresident defendants." In the instant case, the trial court's order for service by publication was entered on July 12, 2004, before the amendment to Rule 4.3(c) took effect. Under Rule 4.3(d)(3), valid service by publication must be published for four consecutive weeks, and in the instant case, publication was made on July 22, July 29, August 5, and August 12. However, under our caselaw, service by publication on a nonresident defendant was invalid on July 22 and July 29. Therefore, service in this case has not been validly published for four consecutive weeks. Because Cameron was not properly served, the default judgment is void.
 IV. Conclusion
Because the default judgment is void, Cameron was due relief from that judgment, and the trial court erred in denying that relief. We pretermit discussion of the other questions presented by the brief filed by Cameron's attorney dealing with *Page 355 
the sufficiency of the evidence of avoidance of service under the circumstances as they existed at the time of publication, because consideration of that issue presupposes the availability of Rule 4.3(c), Ala. R. Civ. P., as amended effective August 1, 2004.
REVERSED AND REMANDED.
NABERS, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.