MOORE, Judge.
Susan Rayford Daniels (“the mother”) appeals from a judgment entered by the Shelby Circuit Court (“the trial court”) denying her Rule 60(b)(4), Ala. R. Civ. P., motion for relief from a judgment entered by the trial court on May 5, 2004.

Procedural History

On October 31, 2003, Rodney K. Rayford (“the father”) filed in the trial court a petition seeking to modify the mother’s child-support obligation and requesting that he be allowed to claim both of the parties’ children for income-tax purposes. The father asserted, among other things, that the parties had been divorced by a judgment entered by the trial court on June 20, 2000, and that, pursuant to that *351 judgment, the parties had been awarded joint custody of their two children, with each parent being allowed to claim one of the children for tax purposes. The father further asserted that the trial court had modified custody in February 2008 by awarding him “sole custody” of the children. At the bottom of his petition, the father requested that
“[t]he clerk ... serve a copy of the foregoing to the following by U.S. Certified Mail:
“Susan R. Rayford
“Rt. 1, Box 368
“Noxapater, Mississippi 39346”
(Bold typeface omitted.) The record indicates that the petition and summons sent by certified mail was returned to the clerk’s office marked “Not Deliverable as Addressed.”
On January 19, 2004, the father filed a “motion for service by publication,” in which he asserted:
“COMES now the [father] and moves the Court to enter an Order granting leave to serve a summons by publication for the grounds shown as follows:
“1. This is an equitable proceeding pertaining to a divorce decree, custody, and support order of the Court.
“2. [The mother’s] whereabouts are unknown and cannot reasonably be ascertained with reasonable diligence.
“3. Service at [the mother’s] last known address was unsuccessful, and [the mother] is believed to be avoiding service.
“4. The affidavit of [the father] is attached as Exhibit A pursuant to Rule 4.3(d)(l)[, Ala. R. Civ. P.].
“5. The Winston County Journal, located at North Court Avenue, Louisville, Mississippi 39339 ... is the newspaper of general circulation in the last community [the mother] is known to have resided.
“6. The proposed notice is attached as Exhibit B.
“WHEREFORE, the defendant, RODNEY K. RAYFORD, respectfully requests the Court to enter an Order granting leave to serve a summons by publication.”
(Capitalization in original.)
The father’s affidavit, attached as exhibit “A” to the father’s motion, stated:
“1. I certify that I am over the age of nineteen (19) and have firsthand knowledge of the facts stated herein.
“2. The present whereabouts of [the mother] are unknown and cannot reasonably be ascertained with reasonable diligence.
“3. Service by certified mail to [the mother] was returned unclaimed.
“4. [The mother’s] last known address was Route 1, Box 368, Noxapater, Mississippi 39346.
“5. I do not know where [the mother] lives, and have no means to locate her.
“6. [The mother] moves from place to place with a boyfriend. She will not take my calls when I have a number for her.
“7. She does not call her children who live with me.
“8. I believe that [the mother] is avoiding any contact with me to prevent modification of the support decree, knowing she should provide support to her children.
“9. I have tried to contact her through her parents. However, her parents have not known her whereabouts since [January 2004].” [1]
*352 The father’s motion for service by publication was granted on January 22, 2004.
On April 2, 2004, the father filed a “motion for default,” asserting, among other things, that service by publication had been completed on or about February 28, 2004, that the mother had “failed to answer or to otherwise make an appearance or request an extension before ... March 19, 2004, per notice issued by the Clerk of Court,” and requesting that the trial court enter a default against the mother and set the matter for a hearing to allow him to present proof in support of his petition to modify. The matter was set for a hearing on April 29, 2004.
The record contains a completed CS-41 Child-Support-Obligation Income Statement/Affidavit form signed by the father on April 29, 2004, along with a CS^42 Child-Support Guidelines form completed and signed by the father’s attorney on that same date. See Rule 32, Ala. R. Jud. Admin. On May 5, 2004, the trial court entered a judgment finding that a material change in circumstances existed, ordering the mother to pay child support in the amount of $392 per month until the parties’ children attain the age of 19 years, allowing the father to claim both children for income-tax purposes, and suspending the mother’s visitation with the children pending further order of the court.
On October 20, 2010, the mother filed a “motion for relief from judgment under Rule 60(b),” asserting, among other things, that the May 5, 2004, judgment was void because it had been entered against her “without proper service and/or personal jurisdiction.” Specifically, she asserted:
“A. The Motion for Service by Publication and Affidavit in Support thereof filed by the [father] on January 19, 2004 allege that the [mother’s] last known place of residence was in Noxapater, Mississippi. Accordingly, the [mother] would have been a non-resident Defendant. At the time of the attempted service, service by publication was not permitted on a non-resident defendant. See [Ala. R. Civ. P., Rule] 4.3; Cameron v. Tillis, 952 So.2d 352 (Ala.2006).
“B. The Motion for Service by Publication and Affidavit in Support thereof filed by the [father] are facially deficient in that they do not aver facts sufficient enough to have found that the [mother’s] residence was unknown and could not be ascertained by reasonable diligence. McBrayer v. Hokes Bluff Auto Parts, 685 So.2d 763 (Ala.Civ.App.1996).
“C. The Motion for Service by Publication and Affidavit in Support thereof filed by the [father] are facially deficient in that they do not aver facts sufficient enough to have found that the [mother] was avoiding service of process. McBrayer v. Hokes Bluff Auto Parts, 685 So.2d 763 (Ala.Civ.App.1996).”
The father filed a response to the mother’s Rule 60(b) motion. On January 24, 2011, the trial court entered a judgment denying the mother’s Rule 60(b) motion. On February 18, 2011, the mother filed what she styled as a “Motion to Vacate, Alter, or Amend”; the trial court purported to deny that motion on February 23, 2011.[2]
On February 24, 2011, the father filed a response to the mother’s motion to vacate, *353 alter, or amend; he also moved to hold the mother in contempt for her alleged failure to comply with previous court orders. On February 28, 2011, the trial court entered an order finding the father’s response and the motion to hold the mother in contempt moot. The mother filed her notice of appeal that same day.

Standard of Review

“ ‘ “The standard of review on appeal from the denial of relief under Rule 60(b)(4)[, Ala. R. Civ. P.,] is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.” ’ ”
Bank of America Corp. v. Edwards, 881 So.2d 403, 405 (Ala.2003) (quoting Image Auto, Inc. v. Mike Kelley Enters., Inc., 823 So.2d 655, 657 (Ala.2001), quoting in turn Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala.1991)); see also Ex parte N.B., 66 So.3d 249, 254 (Ala.2010).

Discussion

On appeal, the mother argues that the trial court erred in declining to grant her Rule 60(b) motion. Specifically, she argues that, because she was not a resident of Alabama in 2004, the trial court erred in allowing the father to serve her by publication. The mother correctly points out that Rule 4.3, Ala. R. Civ. P., as it read before it was amended in August 2004, did not allow a nonresident in an in personam action to be served by publication. See, e.g., Cameron v. Tillis, 952 So.2d 352, 353-54 (Ala.2006) (holding that service by publication on a nonresident was invalid before the August 1, 2004, amendment to Rule 4.3).[3]
The father argues and the mother acknowledges, however, that, in Gross v. Loewen, 522 So.2d 306 (Ala.Civ.App.1988), this court indicated in dicta that, in a postdivorce modification proceeding, a nonresident defendant could be served by publication. The mother asks this court to overrule that part of our opinion in Gross. As the mother points out, in Gross, this court reasoned that an exception to the general rule exists because postdivorce proceedings are actually continuations of the original divorce action. We note, however, that our supreme court has held: “The filing of a petition to modify a domestic-relations judgment is, for purposes of applying the rules of procedure, treated as the filing of a separate action.” Ex parte Davidson, 782 So.2d 237, 240 (Ala.2000). Thus, we conclude that the reasoning of the court’s dicta in Gross was flawed.
In Gross, this court also relied on former § 30-3-25(a)(4), Ala.Code 1975, a part of the former Uniform Child Custody Ju *354 risdiction Act (“the UCCJA”), formerly codified at § 30-3-20 et seq., Ala.Code 1975, as persuasive authority. We note, however, that, at the time the mother was served by publication in this case, the UCCJA had already been replaced by the Uniform Child Custody Jurisdiction and Enforcement Act (“the UCCJEA”), § 30-3B-101 et seq., Ala.Code 1975. Section 30-3B-108(a), Ala.Code 1975, of the UCCJEA provides:
“Notice required for the exercise of jurisdiction when a person is outside this state may be given in a manner prescribed by the law of this state for service of process. Notice must be given in a manner reasonably calculated to give actual notice but may be by publication if other means are not effective.”
The Alabama Comment to § 30-3B-108, Ala.Code 1975, makes it clear that “out of state service of process [is limited] to the manner currently provided for by the Alabama Rules of Civil Procedure. (Rule 4.2[, Ala. R. Civ. P.]).”[4] Thus, we do not find that the UCCJEA is persuasive authority for the exception set forth in dicta in the Gross opinion.
Having found the rationale in the dicta in Gross to be misplaced in the present case, we decline to follow it. We instead conclude that, based on the plain language of Rule 4.3 as it existed before the August 1, 2004, amendment, service by publication on a nonresident defendant, such as the mother in this case, was improper. Because the mother “was not properly served, the default judgment is void.” Cameron, 952 So.2d at 354. A void judgment must be set aside. Bank of America Corp. v. Edwards, 881 So.2d at 405. Accordingly, we conclude that the trial court erred in declining to grant the mother’s Rule 60(b) motion. We therefore reverse the trial court’s judgment and remand this cause for the trial court to enter a judgment granting the mother’s Rule 60(b) motion and setting aside the May 5, 2004, void judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. The typewritten affidavit states that "her parents have not known her whereabouts *352 since September of 2003.” However, "September of” is crossed out and "January 2004” is handwritten below it.

. "After a trial court has denied a post-judgment motion pursuant to Rule 60(b), [Ala. R. Civ. P.,] that court does not have jurisdiction to entertain a successive postjudgment motion ... or otherwise review its order denying the Rule 60(b) motion.” Ex parte Keith, 771 So.2d 1018, 1022 (Ala.1998).

. Rule 4.3(a)(2), Ala. R. Civ. P., as it read before the August 1, 2004, amendment, provided, in pertinent part: “In no event shall an in personam judgment be entered on service by publication except as provided in subpara-graph (c) of this rule.” Rule 4.3(c), Ala. R. Civ. P., as it read before the August 1, 2004, amendment, provided, in pertinent part:
"(c) Avoidance of Service. When a resident defendant avoids service and that defendant's present location is unknown and the process server has endorsed the fact of failure of service and the reason thereof on the process and returned same to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication.”
(Emphasis added.)

. Rule 4.2, as it read before the August 1, 2004, amendment, referenced Rule 4.3 with regard to the requirements for service by publication.