Walnut Equipment Leasing Company (Walnut) filed an action in Alabama to enforce a Pennsylvania cognovit judgment against Thomas J. Long. After a hearing, the trial court granted Long's motion for summary judgment. Walnut appeals. We affirm.
The record in pertinent part reveals the following. Long, a resident of Alabama, entered into a lease agreement with Walnut, a corporation doing business in Pennsylvania, for the lease of equipment. The lease agreement contained the following language:
 "Lessee authorizes the Prothonotary or any attorney of any Court of record, whenever Lessee is in default hereunder, to appear for and confess judgment as often as necessary against Lessee. . . ."
After the execution of this lease, Long defaulted and Walnut filed suit in Pennsylvania. Long was never served with a copy of the complaint filed by Walnut, nor was he in any way notified that a suit was pending against him. Instead, the record reveals that, pursuant to certain procedures in Pennsylvania, Walnut's lawyer appeared *Page 999 
for Long and consented to the judgment.
The dispositive issue on appeal is whether the Pennsylvania judgment is a valid judgment due to be given full faith and credit by the Alabama courts.
The requirement that a court have personal jurisdiction flows from the due process clause. This requirement of personal jurisdiction recognizes and protects an individual's liberty interest. Insurance Corp. of Ireland, Ltd. v. Compagnie desBauxites, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). The test for personal jurisdiction requires that the traditional notions of fair play and substantial justice not be offended by the maintenance of the suit. Insurance Corp.,456 U.S. 694, 102 S.Ct. 2099. However, since the requirement of personal jurisdiction represents an individual right, it can be intentionally waived. Insurance Corp., 456 U.S. 694,102 S.Ct. 2099. It is well settled that parties to a contract may agree in advance to submit to the jurisdiction of a given court and to waive notice completely. National Equipment Rental, Ltd. v.Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964).
Pennsylvania utilizes an ancient legal device known as the cognovit to accomplish such a result. This device allows the debtor to consent in advance to the holder's obtaining a judgment without notice or hearing. See D.H. Overmyer Co. v.Frick Co., 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972). However, the debtor must voluntarily, intelligently, and knowingly waive the rights he otherwise possesses to prejudgment notice and hearing, and he must have done so with full awareness of the legal consequences. Overmyer,405 U.S. 174, 92 S.Ct. 775.
It is conceded by Walnut that the language in the lease agreement (set out above) is ambiguous and vague. It fails to identify the geographical boundaries to which it applies, and it does not delineate in specific terms that jurisdiction was conferred over Long in Pennsylvania. In fact, the language of the lease does not mention jurisdiction at all, and for all that appears, jurisdiction could be in any state. Additionally, Long submitted an affidavit stating that he never intended to waive his rights to notice or to confer personal jurisdiction to Pennsylvania. We also note that where there is an ambiguity in a lease, as in the instant case, it will be construed against the drafter of the document. Phillips v. Fogg,402 So.2d 1027 (Ala.Civ.App. 1981).
In view of the above, we find that Long did not voluntarily, intelligently, or knowingly waive his due process rights to notice and hearing. Therefore, in the absence of a showing of the required waiver of notice, jurisdiction was not conferred; the Pennsylvania judgment entered was not valid and was not entitled to full faith and credit. We find no error in the trial court's grant of summary judgment in favor of Long.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.