ON APPLICATION FOR REHEARING
THIGPEN, Judge.
This court’s opinion of May 31, 1991, is withdrawn and the following is substituted therefor.
The Greater Gadsden Housing Authority (GGHA) filed an action in district court to evict Vanessa S. Brookins from her apartment, alleging that she was in violation of her lease. After affidavits were submitted by both sides disputing whether there had been a breach of the lease, a trial was held wherein the district court found that Broo-kins was in violation of her lease and awarded GGHA possession of the premises. Brookins appealed the district court’s judgment to the circuit court, and the execution of her eviction was stayed. A trial was held in circuit court in which the court heard testimony from Martha Dowdy, the local director of GGHA; from Harley Cutchens, a police lieutenant; and from Brookins. The court entered a final judgment in favor of GGHA, thereby terminating Brookins’s right to possession of the leased premises. From that judgment, Brookins appeals.
The record indicates GGHA based its eviction action on two things: a violation of the lease with regard to providing accommodations for boarders or others not listed on the lease, and poor housekeeping practices over a long period of time. Brookins signed a lease for low-income housing with GGHA, which she has continued to renew. The lease, in pertinent part, provides:
“5. OBLIGATIONS OF TENANT: Tenant Agrees:
(B) Not to provide accommodations for boarders, lodgers, or others not listed except as permitted under Section 1 of this lease.”
Section 1, in pertinent part, provides:
“Tenant shall have the right to exclusive use and occupancy of the leased premises which shall include reasonable accommodations of the Tenant’s guests for no longer than 14 days and with the consent of Landlord, may include care of foster children and live-in for care of a member of the Tenant’s family. Otherwise the premises are to be occupied exclusively as a private residence by Tenant and family members.... ”
The other pertinent section provides:
“10. TERMINATION OF LEASE: (A) Landlord shall terminate or refuse to renew this lease for serious or repeated violation of terms of this lease, such as ... poor housekeeping practices.”
The evidence indicated that Brookins lives in the apartment with her four young children. While it was undisputed that there was also a man, William Waites, who stayed at the apartment more than fourteen days per year, there was a question as to the meaning of the section of the lease which reads “no longer than fourteen days.” Dowdy testified that the language of the lease was intended to mean no more than fourteen days per year, in which case Brookins would have been in violation, while Brookins testified that it was her understanding that it meant no more than fourteen days per month and that she was not in violation.
Brookins correctly states that when there is an ambiguity in a lease it will be construed against the drafter of the document. Walnut Equipment Leasing Co. v. Long, 550 So.2d 998 (Ala.Civ.App.1989).
*476 A careful review of the record, however, reveals no finding by the trial court that the phrase in question is ambiguous as a matter of law. Brookins contends that by admitting parol testimony over the objection of GGHA, the trial court in effect held the lease to be ambiguous as a matter of law. The record reveals the following exchange:
“Q. [to Brookins]: What’s your understanding as to the number of nights per month that you can have an overnight visitor?
“MR. RUSSELL [GGHA’s attorney]: I object. The lease—
“MR. GARMON [Brookins’s attorney]: The lease is unclear.
“THE COURT: Overruled. You can answer ma’am. You can answer.”
Contrary to Brookins’s position, in overruling the objection the trial court did not indicate it was allowing the testimony because it found the above provision’s meaning to be ambiguous. In fact, based on the court’s unfavorable ruling as to Brookins, the court seems to have found the lease unambiguous. It is certainly the case that parol evidence cannot properly be introduced to explain, contradict, vary, add to, or subtract from a contract’s terms unless there is mistake, fraud, or ambiguity. Collier v. Brown, 285 Ala. 40, 228 So.2d 800 (1969). However, even if the court improperly admitted Brookins’s parol evidence, in order to warrant a reversal the error must have created some prejudice to the defendant. Kohn v. Johnson, 565 So.2d 165 (Ala.1990). Rule 45, A.R.App.P., provides that:
“No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of ... the improper admission or rejection of evidence, ... unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties. ”
We do not believe that Brookins was prejudiced by the admission of her own testimony; even if it should have been excluded, the error was harmless.
We believe that the determination of the trial court is fully supported by the evidence, and we hold that under the present facts, the clause in question is not ambiguous as a matter of law.
Because the violation of the lease with regard to guests is sufficient to support the execution of Brookins’s eviction, we pretermit any discussion of the violation of the lease due to her housekeeping practices.
In view of the above, the judgment of the trial court is due to be affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.