Ross Neely Systems, Inc., sued Everywhere Trucking, Inc., and its surety, Victore Insurance Company, to recover the value of motor-carrier services provided to Everywhere Trucking, which has gone out of business. The case originally was tried in the Autauga District Court; that court entered a judgment for Ross Neely and awarded it damages of $4,289.17. Victore appealed to the Autauga Circuit Court. That court also entered a judgment in favor of Ross Neely; however, Victore was credited with $1,372.77 it had previously paid to Ross Neely in a separate action, so the circuit court ordered Victore to pay Ross Neely damages of $2,838.40. Victore appeals.
The facts in this case are not disputed; however, the parties disagree on the issue to be settled. The trial court did not state the grounds on which it based its judgment for Ross Neely. The facts are as follows:
Everywhere Trucking, an Alabama corporation, was a property broker of transportation. As a property broker, it arranged for the transportation of freight through the use of various motor carriers. Under federal law, property brokers must maintain a surety bond. 49 U.S.C. § 10927(b) (1994). Victore served as surety for Everywhere Trucking. The surety bond provided that the "liability of the Surety shall not be discharged by any payment or succession of payments hereunder, unless and until such payment or payments shall amount in the aggregate to the penalty of the bond, but in no event shall the Surety's obligation hereunder exceed the amount of said penalty." The bond also provided for a penal sum of $10,000.
In September 1996, Everywhere Trucking went out of business. Its outstanding debts, to at least 50 motor carriers, exceeded $10,000. Victore, as surety for Everywhere *Page 474 
Trucking, filed an interpleaader action in the District Court of Oklahoma County, Oklahoma, in an effort to settle the debts equitably. Victore is an Oklahoma corporation whose headquarters are in Oklahoma City. In the interpleader action, Victore named as defendants the numerous motor carriers claiming an interest in the bond.
Ross Neely was one of the carriers named in Victore's interpleader action. It filed an objection in the action, however, questioning the Oklahoma court's jurisdiction. The record does not show that the Oklahoma court ever ruled on Ross Neely's objection.
In May 1998, the Oklahoma court entered an order of discharge, distributing the $10,000 bond to the motor carriers named in the interpleader action. The money was disbursed based on the proportion of each motor carrier's individual claim in relation to the total amount of claims. Under this disbursement, Ross Neely received $1,372.77. Ross Neely deposited the check and has made no attempt to repay the money it recovered from the Oklahoma case. The record does not show that Ross Neely ever attempted to challenge that judgment.
Nonetheless, Ross Neely filed this action in the Autauga District Court, seeking to recover the outstanding balance it claimed it was owed by Everywhere Trucking. As outlined above, Ross Neely ultimately was awarded a judgment against Victore, as surety for Everywhere Trucking, for the balance owed. The trial court did not offer the grounds upon which it based the judgment.
Victore contends that the Alabama circuit court erred in awarding Ross Neely the balance owed to it because, it says, when that amount is added to the total amount Victore had to pay out in the Oklahoma case, the award in this case results in Victore's having to pay more than the penal sum of the bond. Because the liability of a surety arises out of a contract, it is axiomatic that a surety cannot be held liable for an amount greater than the amount named in its bond. See generally, 74 Am. Jur.2d,Suretyship § 24 (1974).
Indeed, Ross Neely does not dispute that a surety's liability cannot exceed the amount of its bond. Instead, it argues that the Oklahoma court did not have personal jurisdiction over it when the court entered the judgment in the interpleader action. Therefore, it contends, it was free to bring this action to recover the remainder of the money it was owed. Ross Neely's argument does not withstand close scrutiny.
Personal jurisdiction can be intentionally waived.Walnut Equip. Leasing Co. v. Long, 550 So.2d 998 (Ala.Civ.App. 1989); Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites,456 U.S. 694 (1982). We have no Alabama case on point; however, common sense dictates that Ross Neely cannot accept the benefit awarded to it by the judgment of the Oklahoma court and then contend that the Oklahoma court did not have jurisdiction to make that award. Therefore, we hold that by accepting the judgment Ross Neely waived any objections it might have had to the jurisdiction of the Oklahoma court. We do, however, limit this holding to the facts of this case.
Because the Autauga Circuit Court's judgment subjected Victore to a penalty in excess of the amount of its penal bond, the judgment must be reversed and the cause remanded for the trial court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED.
YATES, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., dissents. *Page 475