992 So.2d 734 (2008)
Shirley Diane NICHOLS
v.
Larry K. PATE and Carol Ruffino Pate.
2060963.
Court of Civil Appeals of Alabama.
May 2, 2008.
*735 Joseph R. Kemp, Pell City; and Neil M.B. Rowe, Birmingham, for appellant.
Chris Speaks, Clanton, for appellees.
THOMPSON, Presiding Judge.
On July 21, 2005, Larry K. Pate and Carol Ruffino Pate sued Shirley Diane Nichols, alleging that Nichols had breached a May 20, 2005, contract ("the contract") for the purchase of real property located in Chilton County.[1] The Pates requested specific performance of the contract and, in the alternative, damages. After personal service of process was attempted at two separate addresses in Tennessee, the Pates filed a motion on August 25, 2005, seeking an order permitting them to serve Nichols by publication. Neither the Pates nor their counsel attached an affidavit to the motion for service by publication. The trial court granted the motion to serve Nichols by publication, and notice of the pending action was published in the Chilton County News, a local newspaper of general circulation, for four consecutive weeks.
On November 15, 2005, the Pates moved for the entry of a default judgment based on Nichols's failure to answer the complaint. On December 13, 2005, the trial court entered a default judgment in favor of the Pates, holding that they were entitled to specific performance of the contract and ordering Nichols to convey the property to the Pates upon payment of the outstanding balance of the contract.
On January 16, 2007, Nichols filed a motion, pursuant to Rule 60(b), Ala. R. Civ. P., to set aside the default judgment. In her motion, Nichols alleged, among other things, that the Pates had attempted to serve her by publication but that service had not been perfected because the Pates did not comply with Rule 4.3, Ala. R. Civ. P. After a hearing on the motion, the trial *736 court denied Nichols's motion to set aside the default judgment based on a statement made by Nichols that she had received funds interpleaded by the Pates that had been designated to Nichols in the trial court's December 13, 2005, default judgment. Nichols timely appealed to the supreme court, which transferred the case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
On appeal, Nichols contends that the trial court erred by denying her motion to set aside the default judgment. Specifically, Nichols contends that the judgment was void because, she argues, she was not properly served with the summons and complaint and, therefore, the trial court lacked personal jurisdiction over her. Nichols asserts that the service by publication was improper and that the Pates did not comply with the requirements for service by publication set forth in Rule 4.3, Ala. R. Civ. P.
Nichols's January 16, 2007, motion to set aside the default judgment asserted grounds for relief cognizable under Rule 60(b)(4), Ala. R. Civ. P. A trial court's ruling on a Rule 60(b)(4) motion is subject to de novo review. Bank of America Corp. v. Edwards, 881 So.2d 403 (Ala. 2003). In Bank of America, supra, our supreme court stated:
"`"The standard of review on appeal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. Satterfield v. Winston Industries, Inc., 553 So.2d 61 (Ala.1989)."'"
881 So.2d at 405, quoting Image Auto, Inc. v. Mike Kelley Enters., Inc., 823 So.2d 655, 657 (Ala.2001), quoting in turn Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala.1991). See also Northbrook Indem. Co. v. Westgate, Ltd., 769 So.2d 890, 893 (Ala.2000).
The failure to effect proper service under Rule 4, Ala. R. Civ. P., deprives the trial court of personal jurisdiction over the defendant and renders a default judgment void. Cameron v. Tillis, 952 So.2d 352 (Ala.2006); Image Auto, Inc. v. Mike Kelley Enters., Inc., supra. In Bank of America, supra, our supreme court also stated:
"`One of the requisites of personal jurisdiction over a defendant is "perfected service of process giving notice to the defendant of the suit being brought." Ex parte Volkswagenwerk Aktiengesellschaft, 443 So.2d 880, 884 (Ala.1983). "When the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally." Id. A judgment rendered against a defendant in the absence of personal jurisdiction over that defendant is void. Satterfield v. Winston Industries, Inc., 553 So.2d 61 (Ala.1989).'"
881 So.2d at 405, quoting Horizons 2000, Inc. v. Smith, 620 So.2d 606, 607 (Ala. 1993). See also Northbrook, 769 So.2d at 893.
Rule 4.3(d), Ala. R. Civ. P., governs the procedure for service by publication and provides, in pertinent part,
"(1) Affidavit Necessary. Before service by publication can be made in an action where the identity or residence of a defendant is unknown ... or where the defendant avoids service, an affidavit *737 of a party or the party's counsel must be filed with the court averring that service of summons or other process cannot be made because either the residence is unknown to the affiant and cannot with reasonable diligence be ascertained, or, the identity of the defendant is unknown ... or, the defendant avoids service, averring facts showing such avoidance.
"(2) How Published. Upon the filing of the affidavit the clerk shall direct that service of notice be made by publication in a newspaper of general circulation in the county in which the complaint is filed; and, when publication is authorized under subdivision 4.3(c), also in the county of the defendant's last known location or residence within the United States. If no newspaper of general circulation is published in the county, then publication shall be in a newspaper of general circulation published in an adjoining county."
(Emphasis added.)
The record in this case indicates that the Pates attempted to serve Nichols at two different addresses in Tennessee. It is undisputed that Nichols is a resident of Tennessee. The first attempt to serve Nichols by certified mail resulted in the return of the certified mail because "no such street" existed. The record indicates that the second attempt to send Nichols the complaint by certified mail resulted in its return as unclaimed. Shortly after the second attempt to serve Nichols failed, the Pates filed a motion for service by publication. In that motion, the Pates stated only that they had attempted to serve Nichols at two separate addresses in Tennessee and that the real property at issue in the complaint was located in Chilton County. The Pates did not file an affidavit in conjunction with their motion for service by publication. After the trial court granted the Pates' motion to serve Nichols by publication, notice of the action was published in the Chilton County News for four consecutive weeks.
The record contains no evidence indicating that Nichols attempted to avoid service. Accordingly, we need not determine whether the Pates complied with Rule 4.3(d) by filing an affidavit and publishing the notice in the county of the Nichols's last known location or residence. A showing that the defendant, either a resident or nonresident, has avoided service is a prerequisite to service by publication. See Rule 4.3(c), Ala. R. Civ. P.; Webster v. Cetinkaya, 638 So.2d 834 (Ala.1994).
Subsection (c) of Rule 4.3 provides for the service by publication of both resident and nonresident defendants who avoid service of process and states, in pertinent part:
"When a defendant avoids service and that defendant's present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned it to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication."
In Fisher v. Amaraneni, 565 So.2d 84, 87 (Ala.1990), our supreme court recognized:
"In the official comments to Rule 4.3(c), it is stated that `more than mere inability to find the defendant is required because of the use of the term "avoidance" of service. Without this element of culpability on the part of the defendant when plaintiff has failed to obtain service other than by publication, substantial constitutional questions may be posed by the obtaining of an in personam judgment by publication.' In Federal Deposit Ins. Corp. v. Sims, 100 F.R.D. 792, 796 (N.D.Ala.1984), a [federal] *738 district court, interpreting Rule 4.3, [Ala.] R. Civ. P., stated the following:
"`It is obvious that the draftsmen required proof of "culpability" or a "hiding out" by a defendant before suggesting that an in personam judgment can be entered on service by publication.'"
To prove that Nichols was avoiding service, the Pates had to show not only an inability to serve Nichols, but also that Nichols was actively avoiding service of process. "[T]he return of certified mail `unclaimed' does not in and of itself constitute avoidance of service of process so as to justify service of process ... by publication." Wise v. Siegel, 527 So.2d 1281, 1281 (Ala.1988). Because the record does not indicate that Nichols actively avoided the Pates' attempts to serve her with the summons and complaint, service of process by publication under Rule 4.3 was improper as a matter of law. Id.
The Pates argue on appeal that even if this court finds that Nichols was not properly served by publication, Nichols submitted to the jurisdiction of the trial court when she accepted funds interpleaded by the Pates that had been designated to Nichols in the trial court's December 13, 2005, default judgment. In support of their contention that Nichols waived any objection to personal jurisdiction, the Pates rely solely on this court's decision in Victore Insurance Co. v. Ross Neely Systems, Inc., 757 So.2d 473 (Ala.Civ.App. 2000). In Victore, Ross Neely Systems, Inc., sued Everywhere Trucking, Inc., and its surety, Victore Insurance Company, an Oklahoma corporation, in Alabama seeking to recover the value of services provided to Everywhere Trucking. Before Ross Neely brought its lawsuit in Alabama, Victore, as surety for Everywhere Tucking, filed an interpleader action in the District Court of Oklahoma County, Oklahoma, in an effort to settle Everywhere Trucking's outstanding debts equitably. 757 So.2d at 474. Victore named Ross Neely as a defendant creditor in the interpleader action. Almost two years later, the Oklahoma court entered an order of discharge, and Ross Neely received a check in the amount of $1,372.77, representing its share of the money paid by Victore. Ross Neely deposited the check. Id. The Alabama trial court subsequently entered a judgment in favor of Ross Neely in the amount of $2,838.40. Victore appealed that judgment to this court.
On appeal, Victore contended that the Alabama trial court had erred in awarding Ross Neely $2,838.40 because, it argued, when that amount was added to the $1,372.77 paid by Victore in the Oklahoma case, the total of the two awards exceeded Victore's liability under the surety bond. In response to that argument, Ross Neely argued that the Oklahoma court did not have personal jurisdiction over it when the Oklahoma court entered its judgment in the interpleader action. This court reversed the judgment of the trial court and rejected Ross Neely's argument, stating:
"Personal jurisdiction can be intentionally waived. Walnut Equip. Leasing Co. v. Long, 550 So.2d 998 (Ala.Civ. App.1989); Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). We have no Alabama case on point; however, common sense dictates that Ross Neely cannot accept the benefit awarded to it by the judgment of the Oklahoma court and then contend that the Oklahoma court did not have jurisdiction to make that award. Therefore, we hold that by accepting the judgment Ross Neely waived any objections it might have had to the jurisdiction of the Oklahoma court. We do, however, limit this holding to the facts of this case."
*739 Victore Ins. Co. v. Ross Neely Systems, Inc., 757 So.2d at 474.
The instant case is distinguishable from Victore. The record in this case indicates that Nichols, a Tennessee resident, never received proper notice that the Pates had brought claims against her in Alabama. After she failed to appear and answer the complaint, the trial court entered a default judgment, ordering the Pates to pay $11,500 to the circuit clerk of Chilton County and ordering the circuit clerk, after deducting certain fees and costs, to pay the remaining balance to Nichols. Nichols subsequently filed a motion to set aside the default judgment. Following a hearing on Nichols's motion, the trial court denied the motion, noting on the case-action summary that Nichols "state[d] in Court that she has received the interplead[ed] funds."
In Victore, this court limited it holding to the facts of that case, which revealed that Ross Neely had both accepted the interpleaded funds in the Oklahoma court and acquiesced to the judgment of the Oklahoma court. In this case, Nichols did not accept the judgment of the trial court; her unwillingness to accept the judgment is evidenced by her motion to set aside the default judgment. The trial court's determination that Nichols had merely received the interpleaded funds, without a finding that Nichols had accepted the benefit of those funds, is insufficient to warrant a conclusion that Nichols waived personal jurisdiction.
Because the Pates failed to properly serve Nichols with the summons and complaint, the trial court did not acquire jurisdiction over Nichols. Thus, the default judgment against Nichols is void, and the trial court should have granted Nichols's motion for relief from the judgment. We reverse the trial court's order denying Nichols's motion to set aside the default judgment pursuant to Rule 60(b)(4), Ala. R. Civ. P., and we remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, J., concurs.
BRYAN, J., concurs in the result, without writing.
THOMAS, J., dissents, with writing, which MOORE, J., joins.
THOMAS, Judge, dissenting.
I dissent from the majority opinion's reversal of the trial court's judgment denying Shirley Nichols's motion to set aside the default judgment.
Personal jurisdiction can be intentionally waived. Walnut Equip. Leasing Co. v. Long, 550 So.2d 998 (Ala.Civ.App.1989). In Victore Insurance Co. v. Ross Neely Systems, Inc., 757 So.2d 473 (Ala.Civ.App. 2000), this court held that Ross Neely Systems, Inc., had waived personal jurisdiction by accepting the judgment of an Oklahoma court by receiving and depositing interpleaded funds. The majority opinion distinguishes Victore Insurance Co. on the bases that, in this case, Nichols "never received proper notice that the Pates had brought claims against her" and that Nichols was unwilling to "accept the judgment of the trial court" as "evidenced by her motion to set aside the default judgment." 992 So.2d at 739.
In Victore Insurance Co., this court stated:
"We have no Alabama case on point; however, common sense dictates that Ross Neely cannot accept the benefit awarded to it by the judgment of the Oklahoma court and then contend that the Oklahoma court did not have jurisdiction to make that award. Therefore, *740 we hold that by accepting the judgment Ross Neely waived any objections it might have had to the jurisdiction of the Oklahoma court."
757 So.2d at 474. I believe that the same common-sense reasoning should be applied in the case at hand. Nichols stated in court that she had received the interpleaded funds. I believe that by accepting the interpleaded funds Nichols accepted the judgment of the trial court and waived her objections to the court's personal jurisdiction over her.
MOORE, J., concurs.
NOTES
[1] Bonnie Caldwell d/b/a Delta Properties, L.L.C., was also named as a defendant in the complaint. The trial court subsequently dismissed the Pates' claims against Caldwell. The dismissal of the Pates' claims against Caldwell is not at issue in this appeal.