I dissent from the majority's reversal of the trial court's judgment denying Shirley Nichols's motion to set aside the default judgment.
Personal jurisdiction can be intentionally waived. WalnutEquip. Leasing Co. v. Long, 550 So.2d 998
(Ala.Civ.App. 1989). In Victore Insurance Co. v. Ross NeelySystems, Inc., 757 So.2d 473 (Ala.Civ.App. 2000), this court held that Ross Neely Systems, Inc., had waived personal jurisdiction by accepting the judgment of an Oklahoma court by receiving and depositing interpleaded funds. The main opinion distinguishes Victore Insurance Co. on the bases that, in this case, Nichols "never received proper notice that the Pates had brought claims against her" and that Nichols was unwilling to "accept the judgment of the trial court" as "evidenced by her motion to set aside the default judgment."992 So.2d at 739.
In Victore Insurance Co., this court stated:
 "We have no Alabama case on point; however, common sense dictates that Ross Neely cannot accept the benefit awarded to it by the judgment of the Oklahoma court and then contend that the Oklahoma court did not have jurisdiction to make that award. Therefore, *Page 740 
we hold that by accepting the judgment Ross Neely waived any objections it might have had to the jurisdiction of the Oklahoma court."
757 So.2d at 474. I believe that the same common-sense reasoning should be applied in the case at hand. Nichols stated in court that she had received the interpleaded funds. I believe that by accepting the interpleaded funds Nichols accepted the judgment of the trial court and waived her objections to the court's personal jurisdiction over her.
MOORE, J., concurs.