# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued March 15, 2010                    Decided June 22, 2010

No. 09-7027

RLI INSURANCE COMPANY,
APPELLEE

v.

ALL STAR TRANSPORTATION, INC., ET AL.,
APPELLANTS

Consolidated with 09-7112

Appeals from the United States District Court
for the District of Columbia
(No. 1:08-cv-00695-JR)

*Paul D. Cullen Jr.* argued the cause for appellants. With him on the briefs were *Paul D. Cullen Sr.* and *Randall S. Herrick-Stare*.

*Eric R. Stanco* argued the cause and filed the brief for appellee.

2

Before: GINSBURG, ROGERS, and KAVANAUGH, *Circuit Judges*.

KAVANAUGH, *Circuit Judge*:  The trucking industry consists of three main players: (i) shippers, who typically are manufacturers sending goods to retailers or others; (ii) truckers, who transport the goods; and (iii) brokers, who act as intermediaries between shippers and truckers.  When a shipper needs to send goods, it hires a broker.  The broker arranges for shipment by finding a trucker to transport the goods.  The broker receives money from the shipper and, after taking a cut for itself, pays the trucker.

The problem at the root of this case is that the broker sometimes fails to pay the trucker.  To protect the trucker, a fourth player is brought in – the surety.  Federal regulations require brokers to obtain a surety bond – akin to a guarantee – in the amount of $10,000.  Therefore, if a broker does not pay a trucker, the surety does so, at least up to $10,000.

This case involves Sam's Transportation Services, a broker that went into bankruptcy.  Sam's maintained a surety bond with RLI Insurance Company, a surety.  The face value of the bond was $10,000.  Because of Sam's pending insolvency, Sam's failed to pay numerous truckers that it owed.  Some of the truckers filed claims with RLI to recover payment under the surety bond.  RLI refused to pay more than a total of $10,000 and instituted an interpleader action in court.  The truckers assert that, under the bond, RLI must pay up to $10,000 *on each claim*.  RLI counters that it need only pay $10,000 total *for all claims combined*.

We agree with RLI, and we therefore affirm the judgment of the District Court.

3

I

Sam's Transportation Services was a broker that connected shippers and truckers for the shipment of goods. Sam's was supposed to receive money from the shippers and pay it to the truckers. In accordance with federal regulations, Sam's obtained a surety bond of $10,000 with RLI Insurance Company. The bond guaranteed Sam's obligations to the truckers in case Sam's failed to make payment.

After Sam's failed to make certain payments because of its insolvency, 68 truckers filed claims with RLI to recover under the bond. Most of their claims ranged from $350 to $7800. But together, the claims came to $161,823.50. The total value of the claims therefore far exceeded the $10,000 face value of the bond.

RLI initiated an interpleader action in U.S. District Court. Interpleader "allows a party exposed to multiple claims on a single obligation or property" – such as the $10,000 surety bond here – "to settle the controversy and satisfy his obligation in one proceeding." *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 583 (D.C. Cir. 1993); *see also* 28 U.S.C. § 1335 (requirements for statutory interpleader). RLI deposited $10,000 into the registry of the District Court. RLI asked the court to distribute the sum among truckers with valid claims. Only seven of the 68 truckers that had filed claims with RLI bothered to file claims with the court. Those seven claims totaled $15,060. Six of the seven truckers then moved to dismiss the interpleader action, arguing that RLI's duty under the surety bond was to pay up to $10,000 on each trucker's claim, not $10,000 for all claims combined. The District Court denied the motion. It ordered the court clerk to pay specified pro rata shares of the $10,000 to the seven

truckers who had submitted valid claims to the court. Five of the truckers now appeal.

## II

This case turns on whether the face value of the surety bond limits RLI's liability for Sam's default to $10,000 on each claim or to $10,000 on all claims combined.

The parties apparently have no actual copy of the bond agreement. But surety bonds must conform to the terms of their governing statutes and regulations.

The governing statute is not particularly illuminating with respect to the issue here. It merely states: "The Secretary may register a person as a broker under section 13904 only if the person files with the Secretary a bond, insurance policy, or other type of security approved by the Secretary to ensure that the transportation for which a broker arranges is provided. The registration remains in effect only as long as the broker continues to satisfy the security requirements of this subsection." 49 U.S.C. § 13906(b).

The applicable regulation is somewhat more helpful. It reads: "A property broker must have a surety bond or trust fund in effect for $10,000." 49 C.F.R. § 387.307(a). That text seems to suggest that a bond "for $10,000" imposes a total liability of $10,000, not a vastly more uncertain and potentially greater amount.

A number of courts have reached the same conclusion, albeit implicitly. District courts have adjudicated cases involving these types of bonds via statutory interpleader. As explained above, interpleader is only available where there is a single finite obligation at issue. Thus, those courts

necessarily assumed that the surety's liability was limited to a single amount for all claims combined. *See, e.g.*, *Great American Ins. Co. v. American Freightway Servs., Inc.*, 2007 WL 3334337 (W.D.N.C. Nov. 5, 2007); *Underwriters Ins. Co. v. ATA Trucking, Inc.*, 2004 WL 445173 (M.D.N.C. Feb. 26, 2006); *Victore Ins. Co. v. Ross Neely Sys., Inc.*, 757 So. 2d 473 (Ala. Civ. App. 2000).

In any event, the standardized federal form that governs these surety bonds removes any lingering doubt on the disputed issue in this case. This form, known as Form BMC 84, was promulgated by the Interstate Commerce Commission, a predecessor of the Federal Motor Carrier Safety Administration. *See* 49 C.F.R. § 387.307(b); *Milan Express Co. v. W. Surety Co.*, 886 F.2d 783, 787-88 (6th Cir. 1989). Federal regulations require sureties to use the form or an electronic version of it. *See* 49 C.F.R. § 387.307(b), (d); *see also* 49 C.F.R. § 387.323. The form provides a set of standard terms and conditions. Those terms say quite plainly that the face value of the bond is "the sum of $10,000"; that the surety's liability is "discharged" when payments under the bond "amount in the aggregate" to that value; and "in no event shall the Surety's obligation hereunder exceed" that value.

The truckers have no substantive answer to the text of Form BMC 84, but they object to our even considering it here on a variety of other grounds. The truckers contend that: (i) the form is irrelevant because the regulation trumps any conflicting language the form might contain; (ii) the form does not have the force and effect of law; (iii) the document in the record purporting to be Form BMC 84 has not been authenticated; (iv) the form cannot be taken to indicate the terms of the bond because no executed copy of the form exists in the record; (v) the District Court should not have

considered Form BMC 84 at the motion to dismiss stage because it was a document outside the pleadings; and (vi) we should at least remand to permit the truckers an opportunity to discover whether RLI filed a paper copy of the form.

Those objections have no merit: (i) Form BMC 84 is consistent with the regulations; (ii) it was promulgated by the Interstate Commerce Commission; (iii) the form's content was authenticated by the District Court, which relied appropriately on the Form BMC 84 reproduced in the Matthew Bender appendix of forms, *see Clarification of Insurance Regulation*, 3 I.C.C.2d 689, 693 n.3 (1987) (forms "are printed by the industry"); (iv) federal regulations require RLI to use the form; (v) at the motion to dismiss stage, the District Court may consider a document such as Form BMC 84 "where the complaint relies heavily upon its terms and effect," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks omitted); and (vi) the further discovery the truckers seek is unnecessary as a practical matter because the truckers already submitted a FOIA request to the relevant federal agency and found out that RLI had filed its form electronically, not on paper. *See* Tr. of Oral Arg. at 9-10.

\* \* \*

We affirm the judgment of the District Court.

*So ordered.*